UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,  Plaintiff,  v.  JOHN DANIEL MOONEY & DEBORAH A. MOONEY,  Defendants. | CIVIL ACTION NO. 05-11301-JLT |

### ANSWER AND CROSS-CLAIM OF DEFENDANT JOHN DANIEL MOONEY

Now comes Defendant John Daniel Mooney (hereinafter "the Defendant"), through his counsel, and respectfully submits this Answer to the Complaint for Interpleader filed by the Plaintiff.

### PARTIES

1. The Defendant is without sufficient information as to form a belief as to the truth or accuracy of the statements contained in this paragraph.

2. Admitted.

3. Admitted.

### JURISDICTION

4. The Defendant is without sufficient information as to form a belief as to the truth or accuracy of the statements contained in this paragraph.

5. Admitted.

### FACTS

6. Admitted.

7. Admitted.

8. The Defendant is without sufficient information as to form a belief as to the truth or accuracy of the statements contained in this paragraph.

9. Admitted.

10. Admitted.

11. The Defendant is without sufficient information as to form a belief as to the truth or accuracy of the statements contained in this paragraph.  The Defendant admits that the letter speaks for itself.

12. The Defendant is without sufficient information as to form a belief as to the truth or accuracy of the statements contained in this paragraph.  The Defendant admits that the letter speaks for itself.

13. The Defendant admits that he claims ownership to the Policy.  The Defendant is without sufficient information as to form a belief as to the truth or accuracy of the remaining statements contained in this paragraph.

14. The Defendant is without sufficient information as to form a belief as to the truth or accuracy of the statements and legal conclusions contained in this paragraph.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff fails to state a claim for costs and attorneys' fees upon which relief could be granted.

## SECOND AFFIRMATIVE DEFENSE

The Defendant states that he is the true owner of the Policy and that he is entitled to all of the rights and privileges appurtenant thereto.

## THIRD AFFIRMATIVE DEFENSE

The Defendant states that Defendant Deborah A. Mooney fraudulently and criminally effectuated the transfer of ownership of the Policy by forging the Defendant's name to the transfer documents.

## FOURTH AFFIRMATIVE DEFENSE

The Defendant states that at no time did he intend to transfer ownership of the Policy to any person.

## FIFTH AFFIRMATIVE DEFENSE

Any damages suffered by the Plaintiff was the result of its own conduct, omission, or inaction.

## SIXTH AFFIRMATIVE DEFENSE

Any damages suffered by the Plaintiff was the result of the conduct, omission, or inaction of someone other than the Defendant.

## **CROSS-CLAIM**

### **FACTS**

1. From April 21, 1979 until a Judgment of Divorce Nisi was entered on June 1, 1999, John Daniel Mooney and Deborah A. Mooney were married as husband and wife.

2. Prior to the dissolution of the marriage, John Daniel Mooney owned a life insurance policy on his own life.

3. During the time when divorce proceedings between John Daniel Mooney and Deborah A. Mooney were pending, ownership of said life insurance policy was transferred to Deborah A. Mooney.

4. Said transfer was without the knowledge or consent of John Daniel Mooney.

5. Said transfer was the result of a forgery and/or a fraud perpetrated by Deborah A. Mooney.

6. The true owner of the policy is John Daniel Mooney.

### **Count I—Declaratory Relief**

7. John Daniel Mooney realleges, reavers, and incorporates paragraphs 1-6 as if fully set forth herein.

8. John Daniel Mooney is entitled to a declaration that he is the true owner of the insurance policy issued by The Northwestern Mutual Life Insurance Company and not Deborah A. Mooney.

### **Count II—Indemnification**

9. John Daniel Mooney realleges, reavers, and incorporates paragraphs 1-8 as if fully set forth herein.

10. To the extent that John Daniel Mooney is required to pay any sums to The Northwestern Mutual Life Insurance Company as a result of a judgment or settlement of this civil action, he is entitled to be indemnified by Deborah A. Mooney.

### **Count III—Claim for Attorneys' Fees**

11. To protect his lawful interest in the insurance policy issued by The Northwestern Mutual Life Insurance Company, John Daniel Mooney must defend and prosecute this civil action.

12. As a result of his participation in this civil action John Daniel Mooney has, and will continue to expend monies in costs and attorneys' fees, unnecessarily.

13. As this dispute was solely a result of the misconduct of Deborah A. Mooney, John Daniel Mooney is entitled to be indemnified and reimbursed by Deborah A. Mooney for his costs and attorneys' fees.

WHEREFORE, John Daniel Mooney respectfully requests that this Honorable Court and for the following relief:

    I.    Enter an order in his favor and against Deborah A. Mooney declaring that John Daniel Mooney is the true owner of the insurance policy issued by The Northwestern Mutual Life Insurance Company and not Deborah A. Mooney;

    II.    Enter judgment in his favor and against Deborah A. Mooney declaring that John Daniel Mooney Money damages in an amount to be proved at trial in accordance with Count II for indemnification;

    III.    Enter judgment in his favor and against Deborah A. Mooney declaring that John Daniel Mooney Money damages in an amount to be proved at trial in accordance with Count III for costs and attorneys' fees; and

    IV.    Any other relief that the Court deems just and equitable.

Respectfully submitted,
JOHN DANIEL MOONEY, by his attorneys,
Jackson & Coppola, P.C.

/s/  Brian J. Hughes
_____
Brian J. Hughes, B.B.O.# 654204
Donald H. Jackson, Jr., B.B.O.# 248620
Jackson & Coppola, P.C.
Assinippi Commons, Suite 203
101 Longwater Circle
Norwell, Massachusetts 02061
(781) 792-3984

Dated:  July 18, 2005