UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| THE NORTHWESTERN MUTUAL, LIFE INSURANCE COMPANY<br>Plaintiff<br><br>v.<br><br>JOHN DANIEL MOONEY and DEBORAH A. MOONEY<br>Defendants | Civil Action No. 05-11301 JLT |

### DEBORAH A. MOONEY'S ANSWER, AFFIRMATIVE DEFENSES, CROSS-CLAIM AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT FOR INTERPLEADER

NOW COMES the Defendant, Deborah A. Mooney ("the Defendant") and respectfully submits this Answer, Affirmative Defenses, Cross-Claim and Counterclaim to Plaintiff's Complaint for Interpleader filed by the Plaintiff, the Northwestern Mutual Life Insurance Company ("NWM").

#### Parties

1) The Defendant is without sufficient information to admit or deny the information regarding NWM and thus denies same.

2) Admitted.

3) Denied. In further answering ¶ 3, the Defendant states that her address is 125 Heritage Circle, Farmington, Maine, 04938.

#### Jurisdiction

4) Denied. In further answering ¶ 4, the Defendant states that similar allegations to the fraud the Defendant John Daniel Mooney alleges herein have been raised in two other pending actions; 1) United States District Court for the District of Massachusetts, civil action number 05-10502 JLT; and 2) the Plymouth Probate and Family Court, docket number 98D-1672-DV1.

5) Denied.

## Facts

6) Admitted.

7) Admitted. In further answering ¶ 7, the Defendant states that she was the beneficiary of said policy.

8) The Defendant admits so much of ¶ 8 that alleges that NWM received an owner designation form changing the policy owner to the Defendant on or around November 1998, but denies any inference that John Daniel Mooney did not sign the owner designation form.

9) The Defendant is without sufficient information to confirm this allegation and thus denies same.

10) The Defendant is without sufficient information to confirm this allegation and thus denies same.

11) Admitted. In further answering ¶ 11, the Defendant states that she did not read the letter until the evening of April 13, 2005.

12) Admitted.

13) Admitted.

14) Denied. In further answering ¶ 14, the Defendant states that the conflicting claims of the Defendants may be resolved by a handwriting expert.

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's action is barred for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery because it breached its fiduciary duty to the Defendant.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff is barred from recovering costs and attorneys fees from the Defendant because this action has been brought in bad faith by the Defendant, John Daniel Mooney.

## **CROSS-CLAIM**

### Parties

1) The Defendant, Deborah A. Mooney ("Deborah"), is a citizen and resident of the State of Maine, residing at 125 Heritage Circle, Farmington, Maine, 04938.

2) The Defendant, John Daniel Mooney ("Daniel"), is a citizen and resident of the Commonwealth of Massachusetts, residing at 308 Quarry Street, Unit #602, Quincy, Massachusetts, 02169.

### Factual Allegations

3) Daniel was issued a life insurance policy from NWM on October 23, 1985. He was the insured and the owner and Deborah was the beneficiary.

4) On April 1, 1997, Daniel left the marital home, leaving Deborah responsible for paying all bills.

5) Deborah began making payments to NWM to maintain the policy on April 25, 1997 and has made all subsequent payments on the policy ever since, totaling $8,385.71.

6) On or around August of 1998, Deborah asked Daniel to start making the NWM payments, but he refused, stating he would let the policy lapse.

7) On or around September of 1998, the parties agreed that since Deborah had been and was going to continue making payments on the NWM policy, that Daniel would transfer ownership of the policy to her, as long as she also continued to maintain the policies for the parties' two sons. Deborah has maintained all the policies ever since.

8) Deborah spoke with an NWM agent, Robert R. Coykendall located at 800 Pleasant Street, New Bedford, Massachusetts regarding the transfer of ownership. Mr. Coykendall sent Deborah the owner designation form for it to be signed by Daniel.

9) On or around October 28, 1998, Daniel signed the owner designation form at his place of employment, Colonial Land Surveying in Hanover, Massachusetts, in the presence of Deborah and another witness, Cynthia Pendergast.

10) The owner designation form bears the signature "J. Daniel Mooney" next to the words "Signature of Transferor."

11) Deborah sent the validly signed owner designation form to NWM. On or around November of 1998, NWM processed the form, officially changing ownership of said policy from Daniel to Deborah.

12) The parties' were divorced by Judgment of Divorce Nisi on June 1, 1999. The Judgment incorporated a Separation Agreement of the parties dated April 1, 1999.

13) The Separation Agreement requires Daniel to pay Deborah $650 in alimony per week until she remarries and to provide her with health insurance until his alimony obligation ceases. Further, he would receive a certain percentage of the equity in the marital home depending upon when it sold.

14) The Separation Agreement does not explicitly reference the life insurance policy in question. The Separation Agreement provides, however, in relevant part, that: "All personal property held in the sole name or in the sole possession of either party, including, without limitation, securities, bank accounts, retirement funds and tangible personal property, shall belong to [the] party in whose name or possession said personal property is presently located."

15) As of the date the parties were divorced (6/1/99), Deborah was the sole owner of the life insurance policy in question.

16) On March 6, 2003, Deborah received a mysterious letter from NWM, seeking confirmation of an address change that had recently been made to all of her NWM policies. Deborah had previously requested an address change in December of 2002 that was processed but had not requested an address change with NWM thereafter. The letter stated that if she did not respond, her then current mailing address would be changed to 175 Centre Street, Quincy, Massachusetts which was coincidentally Daniel's former address.

17) On or around June of 2004, Deborah took a $13,000 loan against her NWM policy to buy a motor vehicle. Deborah told Daniel about same, which upon information and belief, sparked his interest in the policy.

18) The marital home was sold on June 30, 2004.

19) On or around July 6, 2004, Deborah repaid the NWM loan from the sale proceeds from the marital home.

20) Daniel received $24,000 in proceeds from the marital home, as provided for in the parties' Separation Agreement. He was very dissatisfied with his portion of the proceeds, wrongfully believing that he was entitled to at least $27,000.

4

21) Counsel for Daniel sent Deborah a letter dated August 20, 2004, threatening her with contempt and informing her that she would not receive anymore alimony payments if she did not pay Daniel $27,000 by August 30, 2004.

22) The parties' relationship deteriorated thereafter and they have not spoken since. Since then, Daniel's alimony payments have been sporadic and inconsistent.

23) On or around January of 2005, Daniel informed NWM that he had not signed the owner designation form and that it was not his intention to transfer ownership of the life insurance policy in 1998.

24) On April 13, 2005, Deborah opened a letter from NWM sent by first class USPS delivery, dated March 8, 2005 and signed by Kim Platek. The letter stated that NWM had received a signed and notarized affidavit of forgery in regards to her life insurance policy. The affidavit of forgery alleged that the ownership designation form dated October 28, 1998 was not signed by the then owner and that it was not Daniel's intention to transfer ownership of said policy. Deborah was required to respond within 30 days or it would be assumed that she concurred with the allegation, resulting in ownership being restored to Daniel, the original owner of the policy.

25) The affidavit of forgery bears the signature "J. Daniel Mooney" in the same script as that on the owner designation form dated October 28, 1998 that validly transferred ownership of the policy from Daniel to Deborah.

26) By the time Deborah responded to NWM on April 13, 2005, ownership of the policy had already been transferred to Daniel. The account has been frozen since April 14, 2005.

27) Daniel is now unlawfully listed as the owner of the policy. The parties' sons are listed as beneficiaries.

28) After learning about the ability to borrow against the NWM policy, and following the sale of the marital home which left Daniel feeling slighted and bitter, he initiated three lawsuits against or involving Deborah, all involving finances.

29) In addition to NWM's Complaint for Interpleader filed as a result of Daniel's claim of forgery, Daniel himself has filed two related complaints: one in the Plymouth Probate and Family Court wherein he requests that his alimony and health insurance obligations be eliminated and the other in federal court wherein he seeks rescission of the parties' Separation Agreement, all in a desperate attempt to be relieved of his financial obligations to Deborah.

30) In both actions that Daniel filed, he advances theories that he was not of sound mind when entering into the Separation Agreement and that he was under duress and was unduly influenced by Deborah in signing same.

31) Daniel's financial circumstances, combined with his bitterness towards Deborah regarding the proceeds of the sale of the marital home and his realization of the cash value of the NWM policy has caused him to retaliate against her by frivolously advancing this lawsuit as well as two others.

## Count I
## Declaratory Relief

32) Deborah repeats and incorporates her responses to ¶ 1 through ¶ 31.

33) Deborah is entitled to a declaration that she is the true and sole owner of the Northwestern Mutual life insurance policy 9726985.

## Count II
## Indemnification

34) Deborah repeats and incorporates her responses to ¶ 1 through ¶ 33.

35) To the extent that Deborah is required to pay sums to NWM as a result of a judgment or settlement in this case, she is entitled to be indemnified by Daniel.

## Count III
## Attorney's Fees and Costs

36) Deborah repeats and incorporates her responses to ¶ 1 through ¶ 35.

37) In order to protect her ownership of her NWM life insurance policy, Deborah must defend herself against NWM and prosecute this cross-claim against Daniel.

38) As a result of Deborah's involvement in this action by default, she has and will continue to incur attorney's fees and costs unnecessarily.

39) As this dispute is solely the result of Daniel's bogus claim of forgery, Deborah is entitled to be indemnified and reimbursed by Daniel for her costs and attorney's fees.

## **COUNTERCLAIM**

### Parties

1) The Plaintiff, Northwestern Mutual ("NWM"), is a mutual life insurance company organized and existing under the laws of the State of Wisconsin, with its principal business at 720 East Wisconsin Avenue, Milwaukee, Wisconsin, 53202.

2) The Defendant, Deborah A. Mooney ("Deborah"), is a citizen and resident of the State of Maine, residing at 125 Heritage Circle, Farmington, Maine, 04938.

### Factual Allegations

3) On or around January of 2005, Daniel signed an affidavit of forgery informing NWM that he had not signed the owner designation form and that it was not his intention to transfer ownership of the life insurance policy to Deborah in 1998.

4) In response to the co-defendant, John Daniel Mooney's claim of forgery, Kim Platek at NWM sent Deborah a letter dated March 8, 2005, advising her of the alleged forgery and informing her that: "if no word is received from you within 30 days of this letter, I will assume that you concur with the alleged allegation and I will restore ownership of this policy to the original owner."

5) The letter was sent to Deborah by USPS first class delivery. The letter was not sent via certified mail and no signature was required upon receipt.

6) Deborah did not respond within thirty days because she did not open the letter until April 13, 2005.

7) On or around April 12, 2005, NWM restored ownership of the policy to John Daniel Mooney and permitted him to change the beneficiary to the parties' sons.

8) On April 13, 2005, Deborah opened the letter from NWM.

9) On April 14, 2005, Deborah informed Kim Platek at NWM that the co-defendant, John Daniel Mooney, had in fact signed the owner designation form and that she was the true owner of the policy.

10) Following such a serious allegation of forgery by John Daniel Mooney with the potential ramification that the policy would be wrongfully transferred from its lawful owner, NWM should have exercised due

7

11) diligence before presumptively restoring ownership of the policy to John Daniel Mooney.

11) In only sending one letter by first class mail that did not elicit a response within the allotted thirty day timeframe, NWM did not exercise due diligence in attempting to contact Deborah regarding ownership of the policy before restoring ownership to John Daniel Mooney.

12) Deborah continues to pay the premiums on the NWM policy. Notwithstanding the forgoing, Deborah cannot enjoy the benefit of the policy, as NWM wrongfully and prematurely restored ownership in John Daniel Mooney.

13) If NWM had exercised due diligence, the matter could have been resolved by a handwriting expert and this lawsuit could have been avoided.

## Count I
## Declaratory Relief

14) Deborah repeats and incorporates her responses to ¶ 1 through ¶ 13.

15) Deborah is entitled to a declaration that she is the true and sole owner of the Northwestern Mutual life insurance policy 9726985.

## Count II
## Breach of Fiduciary Duty

16) Deborah repeats and incorporates her responses to ¶ 1 through ¶ 15.

17) As the administrator of its policies, NWM owes a fiduciary duty to its policy owners, including Deborah.

18) NWM breached its fiduciary duty by not exercising due diligence in contacting Deborah prior to restoring ownership of the policy to John Daniel Mooney.

## Count III
## Indemnification

19) Deborah repeats and incorporates her responses to ¶ 1 through ¶ 18.

20) To the extent that Deborah is required to pay sums to Daniel as a result of a judgment or settlement in this case, she is entitled to be indemnified by NWM.

8

## Count IV
## Attorneys Fees

21) Deborah repeats and incorporates her responses to ¶ 1 through ¶ 20.

22) In order to protect her ownership of her NWM life insurance policy, Deborah must defend herself and prosecute this counterclaim against NWM.

23) As a result of Deborah's involvement in this action by default, she has and will continue to incur attorney's fees and costs unnecessarily.

24) As this lawsuit was initiated by NWM in part because of NWM's failure to exercise due diligence in ascertaining the ownership of the policy, Deborah is entitled to be indemnified and reimbursed by NWM for her costs and attorney's fees.

WHEREFORE, Deborah A. Mooney respectfully requests that this Honorable Court:

1. Dismiss all Counts of the Plaintiff's Complaint for Interpleader with prejudice;
2. Enter judgment for the Defendant, Deborah A. Mooney, on all Counts of the Plaintiff's Complaint;
3. Enter a judgment in Deborah A. Mooney's favor on Counts I through III of her Cross-Claim;
4. Enter a judgment in Deborah A. Mooney's favor on Counts I through IV of her Counterclaim;
5. Award the Defendant, Deborah A. Mooney, attorney's fees, interest and costs; and
6. Award the Defendant, Deborah A. Mooney, such other and further equitable and legal relief as this Court deems just and proper.

Respectfully submitted,
DEBORAH A. MOONEY
By her Attorneys,

Elaine M. Epstein BBO # 155280
Maureen McBrien BBO # 657494
Todd & Weld LLP
28 State Street
Boston, MA 02109
Tel: (617) 720-2626

Date: August 22, 2005

9

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing defendant's Answer, Affirmative Defenses, Cross-Claim and Counterclaim to Plaintiff's Complaint for Interpleader on the plaintiff, by first class mail, postage prepaid to its attorney of record, Patricia R. Rich, Esquire, Duane Morris LLP, 470 Atlantic Avenue, Suite 500, Boston, Massachusetts 02210, and on the co-defendant, by first class mail, postage prepaid to his attorney of record, Brian J. Hughes, Esquire, Jackson & Coppola, P.C., Assinippi Commons, Suite 203, 101 Longwater Circle, Norwell, Massachusetts 02061.

Date: August 22, 2005                           Maureen McBrien