UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY )<br><br>Plaintiff, )<br><br>v. )<br><br>JOHN DANIEL MOONEY and DEBORAH A. MOONEY )<br><br>Defendants. ) | No.: 05-11301-JLT |

**INTERPLEADER PLAINTIFF THE NORTHWESTERN
MUTUAL LIFE INSURANCE COMPANY'S MOTION FOR
DISCHARGE FROM THE INTERPLEADER ACTION AND MOTION
TO DISMISS DEFENDANT DEBORAH A. MOONEY'S COUNTERCLAIMS**

This interpleader action filed by Plaintiff The Northwestern Mutual Life Insurance Company ("Northwestern Mutual") arises out of the conflicting claims it received from each of the Defendants, John Daniel Mooney ("John Mooney") and Deborah A. Mooney ("Deborah Mooney"), asserting that they each are the rightful owner of a Northwestern Mutual life insurance policy insuring John Mooney's life. Having received these conflicting claims from each of the defendants, Northwestern Mutual, as the disinterested stakeholder, took the proper step of filing this interpleader action to provide the defendants with a forum to resolve their dispute. Once such a determination is reached either through litigation or settlement among the defendants, Northwestern Mutual will be bound by the determination regarding ownership of the life insurance policy.

In response to the Interpleader Complaint, John Mooney filed an answer again asserting that he was the rightful owner and brought cross-claims against Deborah Mooney for a

declaratory judgment of his rightful ownership of the policy, attorneys' fees, and indemnification. Deborah Mooney brought also cross-claims against John Mooney for a declaratory judgment that she was the rightful owner of the life insurance policy, attorneys' fees and indemnification. In addition, Deborah Mooney brought counterclaims against Northwestern Mutual for declaratory judgment regarding the rightful owner of the policy, breach of fiduciary duty, indemnification, and attorneys' fees. Theses claims, however, fail because there is no basis for these counterclaims against Northwestern Mutual. Rather, the dispute is between Deborah Mooney and John Mooney and can be resolved without the involvement of Northwestern Mutual through the resolution of the cross-claims each of the claimants has brought. Therefore, it is unnecessary for Northwestern Mutual to participate in this second stage of the interpleader action, and it should be discharged from the action and Deborah Mooney's counterclaims should be dismissed.

## RELEVANT FACTS

On or about October 23, 1985, Northwestern Mutual issued to John Mooney a policy of life insurance, policy number 9726985 (the "Policy"). At the time the Policy issued, John Mooney was both the Policy's owner and the insured. In or about November 1998, Northwestern Mutual received an owner designation form dated October 28, 1998, and purportedly signed by John Mooney (the "Owner Designation"), indicating that the owner of the Policy was to be changed to Deborah Mooney, who at that time was the wife of John Mooney, the insured.

In or about January 2005, John Mooney informed Northwestern Mutual that he had not signed the Owner Designation and that it was not his intention to transfer ownership of the

2

Policy. By affidavit sworn to on or about March 2, 2005, John Mooney reaffirmed his position that he neither signed nor authorized the Owner Designation.

Therefore, by letter dated March 8, 2005, Northwestern Mutual informed Deborah Mooney of John Mooney's position that the Ownership Designation was not signed by him and requested a response from Deborah Mooney within thirty (30) days. By letter dated April 13, 2005, Deborah Mooney informed Northwestern Mutual of her position that she was the rightful owner of the Policy and that John Mooney had signed the Ownership Designation form and transferred ownership of the Policy to her.

Accordingly, each of the defendants, John Mooney and Deborah Mooney, is claiming ownership of the Policy. Because of defendants' conflicting claims, Northwestern Mutual was unable to determine the rightful owner of the Policy, and therefore, as the disinterested stakeholder, properly filed this interpleader action requesting that the court order the defendants to resolve their dispute in this forum.

## ARGUMENT

### I.    Northwestern Mutual Should be Discharged from this Interpleader Action.

The dispute that needs to be resolved, as set forth in the Interpleader Complaint and each Defendant's answer thereto, is who between the two defendants is the rightful owner of the Policy. Specifically, John Mooney attested under oath that he had not signed the change of ownership form bearing his alleged signature, which had been submitted to Northwestern Mutual on or about October 28, 1998, and therefore he is still the proper owner of the Policy. See Interpleader Complaint ¶9 & ¶10 and John Mooney's Answer to Interpleader Complaint ¶9 ("Admitted"), ¶10 ("Admitted") and John Mooney's Cross-Claim ¶4 ("transfer was without the knowledge or consent of John Daniel Mooney"). Conversely, Deborah Mooney asserted that the

3

change of ownership form did contain John Mooney's signature and was proper, and therefore she is the proper owner of the Policy. See Interpleader Complaint ¶12; and Deborah Mooney's Answer to Interpleader Complaint ¶12 ("Admitted"). Accordingly, it is clear that a dispute exists between John Mooney and Deborah Mooney. Northwestern Mutual takes no position with respect to this dispute and is not a necessary party to it being resolved. Therefore, in order to avoid further costly litigation, Northwestern Mutual respectfully requests that the Court discharge it from this action except to the extent the Court needs to retain jurisdiction over Northwestern Mutual to order its compliance, which Northwestern acknowledges it would be bound by, with the Court's determination regarding the rightful owner of the Policy or such determination reached through a settlement between the defendants.

## II.     Deborah Mooney's Counterclaims fail to state a claim and Therefore Should Be Dismissed in its Entirety.

The Court may grant a motion to dismiss if the facts alleged fail to state a claim, or demonstrate that the party asserting the claim is barred from recovering under the claims alleged. See Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001). In making this determination, a court should accept the well-pleaded complaint as true and make reasonable inferences in favor of the plaintiff or plaintiff-in-counterclaim. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). This standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." U.S. v. Avx Corp., 962 F.2d 108, 115 (1st Cir. 1992). "[A] reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation,  nor to honor subjective characterizations, optimistic predictions, or problematic suppositions. Empirically unverifiable conclusions, not

logically compelled, or at least supported, by the stated facts, deserve no deference." Id. (citations and internal quotations omitted).

> A. **An Insurer Does Not Owe a Fiduciary Duty to its Policy Owners and, Therefore Deborah Mooney's Claim for Breach of Fiduciary Duty Should be Dismissed.**

It is well established in Massachusetts that "the relationship between an insurer and a policy holder does not entail a fiduciary duty." Fay v. Aetna Life Ins. and Annuity Co., 304 F. Supp. 2d 284, 291, n. 19 (D. Mass. 2004); citing Szymanski v. Boston Mut. Life Ins. Co., 56 Mass. App. Ct. 367, 381-382 (2002); citing Rapp v. Lester L. Burdick, Inc., 366 Mass. 438, 442 (1957). The only exception to this rule has been found when there are "special circumstances of assertion, representation and reliance." Szymanski, 56 Mass. App. Ct. at 381 citing Baldwin Crane & Equip. Corp. v. Riley & Riley Ins. Agency, Inc., 44 Mass. App. Ct. 29, 32 (1997). Here, Deborah Mooney asserts no "special circumstances," because none exist. Deborah Mooney's only basis for asserting that a fiduciary duty exits is that "as the administrator of its policies, NWM owes a fiduciary duty to its policy owners, including Deborah." See Counterclaim ¶ 17. Such an allegation, however, fails. As the case law clearly holds, the insurer/policy owner relationship is nothing more than a contractual relationship and does not give rise to a fiduciary duty. See Szymanski, 56 Mass. App. Ct. at 381. Therefore, the claim should be dismissed.

> B. **Deborah Mooney Asserts No Basis for her Claim for Indemnification from Northwestern Mutual, and Therefore it Should be Dismissed.**

To properly plead a claim for indemnification, Deborah Mooney is required to assert one of the three basis for indemnification: (1) express agreement; (2) implied contractual right; or (3) tort based. See Araujo v. Woods Hole, Martha's Vineyard, Nantucket S.S. Authority, 693 F.2d 1

(1st Cir. 1982). Notwithstanding, Deborah Mooney asserts no basis or the facts to support any of the three basis above, because none of the three exist here.

Deborah Mooney does not assert an express contractual basis for indemnification because, "[i]t is established that an insurer has only an 'obligation to indemnify the insured against judgments obtained against it within the policy coverage' and no duty to defend if the underlying complaint does not demonstrate the 'possibility that the liability claim falls within the insurance coverage.'" Frohberg v. Merrimack Mutual Fire Insur. Co., 34 Mass. App. Ct. 462, 464 (Mass. 1993). The claims being brought against Deborah Mooney by John Mooney do not concern the purpose of the insurance – to ensure the life of John Mooney. Rather, they concern the alleged fraudulent actions of Deborah Mooney. Therefore they are outside the scope of the contract and thus no indemnification right exists.

Similarly, the situation at hand does not support that a contractual basis should be implied. "[A] contractual right to indemnification will only be implied when there are unique special factors demonstrating that the parties intended that the would-be indemnitor bear the ultimate responsibility for the plaintiff's safety or when there is a generally recognized special relationship between the parties." Araujo, 693 F.2d. at 3 (citations omitted). Again, Deborah Mooney does not assert that such a special relationship exists – because it does not. Therefore, her claim fails on this basis.

Lastly, the tort-based theory of indemnification was neither plead nor does it provide a basis for Deborah Mooney's claim. This basis of indemnification is equitable in the nature, intending to protect those who do no wrongdoing from being liable for another's wrongdoing. Where, as here, "the party seeking indemnification was itself guilty of acts or omissions proximately causing the plaintiff's injury, tort indemnification is inappropriate." See id. at 7.

6

Specifically, Deborah Mooney's claim for indemnification relates to sums she is required to pay John Mooney "as a result of a judgment or settlement." See Counterclaim at ¶20. Any such sums would be as a result of Deborah Mooney's own acts and not the acts of Northwestern Mutual because they would arise from the claims John Mooney brought against Deborah Mooney due to his allegation that she committed a fraud with respect to the transfer of ownership of the Policy. Therefore, her claim also fails on this basis.

      C.    **Deborah Mooney Asserts No Basis for her Claim for Attorneys' Fees, and Therefore it Should be Dismissed.**

Under the so-called "American Rule," absent an authorizing statute or contractual commitment, litigants generally bear their own costs. See Alyeska Pipeline Co. v. Wilderness Soc'y, 421 U.S. 240, 257, 44 L. Ed. 2d 141, 95 S. Ct. 1612 (1974). Deborah Mooney does not assert either basis for her claim for attorneys' fees because neither basis exists.

Notwithstanding Deborah Mooney's assertion that she has to defend herself in this litigation because of Northwestern Mutual's actions, the fact remains that she is involved in this interpleader action due to her actions and to the actions of John Mooney - - not the actions of Northwestern Mutual. The issue being litigated here is who, between Deborah Mooney and John Mooney, is the proper owner of the Policy. The gravaman of the dispute is John Mooney's assertion that Deborah Mooney forged his signature on the change of ownership form submitted to Northwestern Mutual.

Further, contrary to Deborah Mooney's assertion, Northwestern Mutual did "exercise due diligence in ascertaining the ownership of the Policy." Once it became clear to Northwestern Mutual having received John Mooney's certification under oath that he had not signed or authorized the change of ownership form and that he was still the Policy's owner and Deborah Mooney's statement disputing his claim and asserting that she was the rightful owner of the

7

Policy, Northwestern Mutual filed this interpleader action providing each party with a forum to be heard and with the ability to obtain a decision that was binding on both claimants as well as Northwestern Mutual. This course of action is what one expects a disinterested stakeholder such as Northwestern Mutual to do in this type of situation.

Accordingly, there is no basis for Deborah Mooney's claim for attorneys' fees and the counterclaim should be dismissed.

## **CONCLUSION**

Based on the forgoing, Northwestern Mutual Life Insurance Company should be discharged from this action and Deborah Mooney's Counterclaim should be dismissed in its entirety, and that the Court award Northwestern Mutual its costs and attorneys' fees. [1]

Dated: September 19, 2005

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,
By its attorneys,

    /s/ Patricia R. Rich
Patricia R. Rich (BBO # 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Tel: 617-289-9200
Fax: 617-289-9201

---

[1] Deborah Mooney's claim for declaratory judgment against Northwestern Mutual is redundant in that it seeks exactly the same relief she seeks in her claim for declaratory judgment against John Mooney (and as John Mooney's claim for declaratory judgment against Deborah Mooney seeks) – the determination of who is the rightful owner of the Policy. Therefore, if the Court dismisses the counterclaim against Northwestern Mutual, Deborah Mooney will still have the opportunity to fully litigate the issue and to receive the relief she seeks. Moreover, Northwestern Mutual agrees that it will be bound by the determination the Court makes or a settlement entered into by the defendants, and therefore, Deborah Mooney's rights are fully protected.

## LOCAL RULE 7.1 CERTIFICATION

The undersigned counsel for the Northwestern Mutual Life Insurance Company certifies that she attempted to confer with counsel for both Defendant John Daniel Mooney and Deborah A. Mooney in a good faith attempt to resolve or narrow the issues raised by the foregoing motion.  Specifically, Northwestern Mutual's counsel telephoned both Brian J. Hughes and Elaine Epstein on Friday, September 16, 2005 and left a message regarding her intention to file the within motion.  To date, neither counsel has returned the undersigned's telephone call.

Dated: September 19, 2005                                    /s/ Patricia R. Rich
                                                                                    Patricia R. Rich

## CERTIFICATE OF SERVICE

I, Patricia R. Rich, do hereby certify that I have served a true copy of the within document upon those counsel who do not otherwise receive electronic notice, by first class mail, postage prepaid, on this September 19, 2005.

                                                                                    /s/  Patricia R. Rich
                                                                                    Patricia R. Rich