UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,** | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.  05-11301-JLT |
| **JOHN DANIEL MOONEY & DEBORAH A. MOONEY,** | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT JOHN DANIEL MOONEY'S *LIMITED* OPPOSITION TO INTERPLEADER PLAINTIFF THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY'S MOTION FOR DISCHARGE FROM THE INTERPLEADER ACTION AND MOTION TO DISMISS DEFENDANT DEBORAH A. MOONEY'S COUNTERCLAIM**

Now comes Defendant John Daniel Mooney ("Mr. Mooney"), who respectfully submits this limited opposition to the Motion of Plaintiff, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), to be discharged from the interpleader action and to dismiss the counterclaims brought against it by Defendant Deborah A. Mooney ("Deborah Mooney").  In support hereof, Mr. Mooney states the following:

1. This opposition is limited in scope to the portions of Northwestern Mutual's Motion seeking a discharge from the interpleader action.  Mr. Mooney offers no opinion with regard to the portions of the Motion seeking a dismissal the counterclaims.

2. Northwestern Mutual must remain an active party in this action, for it is the Plaintiff and the sole possessor of all of the relevant information involved in this case.

3. Northwestern Mutual must remain subject to any discovery and pretrial orders; otherwise, the parties would be reduced to seeking testimony, documents, and materials from Northwestern Mutual via subpoena.

4. Northwestern Mutual and its officers/employees are essential witnesses for trial and must be subject to the Court's jurisdiction with regard to the production of witnesses.

5. Northwestern Mutual has engaged in a pattern of destroying essential original documents, reducing said documents to microfilm and refusing to produce for inspection in this jurisdiction.  As a result of this behavior, Northwestern Mutual may have destroyed and

spoiled the only evidence that may be able to prove the contentions of Mr. Mooney and/or Deborah Mooney. Therefore, it is theoretically possible that Northwestern Mutual will be forced to incur double liability on the insurance policy in question and it must remain a party in this case to ensure the protection of its rights.

WHEREFORE, Defendant John Daniel Mooney respectfully requests that this Honorable Court deny the request of The Northwestern Mutual Life Insurance Company to be discharged as a party plaintiff in this action.

        Respectfully submitted,
        JOHN DANIEL MOONEY, by his attorneys,
        Jackson & Coppola, P.C.


        /s/ Brian J. Hughes
        _____
        Brian J. Hughes, B.B.O.# 654204
        Donald H. Jackson, Jr., B.B.O.# 248620
        Jackson & Coppola, P.C.
        Assinippi Commons, Suite 203
        101 Longwater Circle
        Norwell, Massachusetts 02061
        (781) 792-3984

Dated: September 28, 2005