UNITED STATES DISTRICT COURT<br>
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE NORTHWESTERN MUTUAL, )<br>LIFE INSURANCE COMPANY )<br>      Plaintiff )<br> )<br>v. )<br> )<br>JOHN DANIEL MOONEY and )<br>DEBORAH A. MOONEY )<br>      Defendants ) | Civil Action No. 05-11301 JLT |

**JOINT STATEMENT OF THE PARTIES**

    NOW COME the parties to the above-referenced matter, and pursuant to Local Rule 16.1(D) and the Notice of Scheduling Conference, submit this joint statement.

    This case involves the rightful ownership of a life insurance policy. Mr. Mooney alleges that Ms. Mooney forged his signature on an owner designation form while Ms. Mooney maintains that the signature is valid and that she is rightful owner of the policy.

Northwestern Mutual's Position

    Northwestern Mutual is seeking to be discharged from this interpleader action and does not require any discovery in this matter. As an interpleader plaintiff, Northwestern Mutual is a disinterested stakeholder in this matter. Moreover, as Northwestern Mutual has expressly stated in its Motion for discharge, it will be bound by any determination made by the Court or made as the result of a settlement agreement entered into between the defendants regarding the rightful owner of the life insurance policy, and it will make itself available for discovery regarding this matter. Furthermore, Northwestern Mutual has already provided counsel for both Mr. Mooney and Ms. Mooney with all documents in its possession, custody or control regarding the policy in question, including the best evidence existing of the original Owner Designation Form. Northwestern Mutual has also informed counsel that it will make the microfilm on which the owner designation form is stored available for viewing at its offices. Northwestern Mutual reserves its right to seek discovery should it not be discharged from this action but does not have a position on the scheduling or limitations of discovery.

    As set forth in detail in Northwestern Mutual's Motion to be discharged and motion to dismiss, Ms. Mooney's counterclaims fail to state a claim upon which relief should be granted and therefore should be dismissed. Specifically,

Northwestern Mutual did not owe a fiduciary duty to Ms. Mooney, nor is there a basis for Ms. Mooney's claim of indemnification or attorneys' fees against Northwestern Mutual. Furthermore, as stated in its motion, Northwestern Mutual takes no position regarding the allegations made by both Mr. and Ms. Mooney regarding the authenticity of the owner designation form or the alleged forgery. Northwestern Mutual's motion simply seeks to be discharged from this interpleader litigation so that the parties with the dispute (Mr. and Ms. Mooney) can litigate the issue and resolve their adverse claims to the insurance policy, while acknowelding that Northwestern Mutual would be bound by any decision of the Court or settlement between the defendants regarding the policy's rightful owner and would respond to discovery requests from the defendants regarding this matter.

Deborah A. Mooney's Position

Ms. Mooney proposes the retention of a joint handwriting expert, namely Nancy McCann, of McCann Associates in Boston, to analyze Mr. Mooney's signature and to determine the validity of his signature on the Owner Designation Form. She agrees to be bound by the findings of the handwriting expert, the cost of whom should be borne by the co-defendant, whose claim of forgery resulted in this lawsuit.

To the extent that counsel for Mr. Mooney is unwilling to have this case definitively resolved by a handwriting expert, Ms. Mooney reserves her right to seek discovery. Specifically, she would conduct discovery requests, and depose Cynthia Pendergast, who witnessed Mr. Mooney signing the Owner Designation Form. Also, she would rely on the financial statements of the parties filed at the time of their divorce proceedings, wherein Ms. Mooney represents that she owns the life insurance policy in question while Mr. Mooney does not. Ms. Mooney has provided counsel for Mr. Mooney with said financial statements. Ms. Mooney is satisfied that Northwestern Mutual has already demonstrated its policies and practices and does not request any further documents from them. Ms. Mooney believes that given the solid evidence, settlement in her favor is highly likely.

Ms. Mooney objects to the discharge of Northwestern Mutual from this lawsuit, as Ms. Mooney has a counterclaim pending against Northwestern Mutual regarding its premature transfer of ownership of the policy to John Daniel Mooney based on his claim of forgery.

John Daniel Mooney

Mr. Mooney remains dissatisfied with Northwestern Mutual's production of a first generation copy of the Owner Designation Form, the original of which Northwestern Mutual claims has been destroyed and is now stored on microfiche, which Mr. Mooney claims must be produced. Mr. Mooney does not consent to the joint retention of a handwriting expert in this matter and believes that settlement is unlikely. Mr. Mooney objects to the discharge of Northwestern Mutual.

Discovery Schedule

To the extent that a discovery schedule is necessary, the co-defendants propose the following:

- Pre-Discovery Disclosures
    - Produced no later than October 15, 2005
- Discovery Plan
    - Discovery limited to whether Mr. Mooney signed the Owner Designation Form and the policies and practices of Northwestern Mutual with regard to transfers of ownership of policies.
    - All discovery completed by January 31, 2006.
    - Maximum of thirty interrogatories by each party to any other party
    - Maximum of sixty requests for admission by each party to any other party.
    - Maximum of two depositions by the Plaintiff and five by each Defendant.
    - Unlimited number of depositions of non-parties solely for the purposes of obtaining documents and records via subpoenas duces tecum.
    - Reports from retained experts under Rule 26(a)(2) completed by March 31, 2006.
    - Supplementations under Rule 26(e) due thirty days after service; service not to be made less than sixty days before trial.
    - Final lists of witnesses and exhibits under Rule 26(a)(3) due no less than thirty days prior to trial.
    - Trial no later than April 1, 2006.

Certifications of Attorneys

I, Maureen McBrien, certify that I have conferred with my client and with opposing counsel to discuss alternative courses of litigation and options for settlement.

/s/ Maureen McBrien

/s/ Deborah A. Mooney (by MM)

I, Brian J. Hughes, certify that I have conferred with my client and with opposing counsel to discuss alternative courses of litigation and options for settlement.

/s/ Brian J. Hughes

/s/ John Daniel Mooney (by BJH)

3

I, Patrica R. Rich, certify that I have conferred with my client and with opposing counsel to discuss alternative courses of litigation and options for settlement.

/s/ Patrica R. Rich

/s/ Northwestern Mutual (by PRR)

Respectfully submitted,
DEBORAH A. MOONEY
By her Attorneys,

/s/ Maureen McBrien
Elaine M. Epstein BBO # 155280
Maureen McBrien BBO # 657494
Edward Foye BBO # 562375
Todd & Weld LLP
28 State Street
Boston, MA 02109
Tel: (617) 720-2626

JOHN DANIEL MOONEY,
By his Attorney,

NORTHWESTERN MUTUAL
By its Attorney,

/s/ Brian J. Hughes
Brian J. Hughes, Esq.
Jackson & Coppola
101 Longwater Circle
Assinippi Commons, Suite 203
Norwell, MA 02061
(781) 792-3987

/s/ Patricia R. Rich
Patricia R. Rich
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9290

Date: September 29, 2005

4