UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                              )
THE NORTHWESTERN MUTUAL                  )
LIFE INSURANCE COMPANY,                       )
                                                              )
      Plaintiff,                                              )
                                                              )   CIVIL ACTION NO. 05-11301 JLT
v.                                                            )
                                                              )
JOHN DANIEL MOONEY &                            )
DEBORAH A. MOONEY                                )
                                                              )
      Defendants.                                         )
_____)

**ANSWER OF PLAINTIFF THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY TO DEFENDANT DEBORAH A. MOONEY'S COUNTERCLAIM**

**Parties**

    1.    Admitted.

    2.    Plaintiff The Northwestern Mutual Life Insurance Company ("Northwestern Mutual") is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

**Factual Allegations**

    3.    Northwestern Mutual admits that Daniel Mooney signed an affidavit of forgery dated on or about March 2, 2005 and states that said document speaks for itself.

    4.    Northwestern Mutual admits that on or about March 8, 2005, it sent a letter to Deborah Mooney and states that said letter speaks for itself.

    5.    Admitted.

    6.    Northwestern Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore denies same.

7. Northwestern Mutual admits that on or about April 13, 2005, having received no response from Deborah Mooney to its March 8, 2005 letter, it restored ownership of the policy to John Mooney and that on or about this same date, John Mooney completed a beneficiary designation form naming the parties' sons, Aaron D. Mooney and Bradford J. Mooney, as beneficiaries. In further answering, Northwestern Mutual states that upon learning of the dispute between Deborah Mooney and John Mooney regarding ownership of the policy, Northwestern Mutual froze the account and no further action has or will take place with respect to the account until a determination of ownership is made by the Court or by virtue of an agreement entered into by Deborah Mooney and John Mooney.

8. Northwestern Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies same.

9. Northwestern Mutual admits that it received a letter dated April 13, 2005 from Deborah Mooney and states said letter speaks for itself.

10. Denied.

11. Denied.

12. Northwestern Mutual admits that the premiums on the policy were paid by an Insurance Service Account on which Deborah Mooney is the payer. Northwestern Mutual denies the remaining allegations in paragraph 12.

13. Denied.

BOS\139465.1

## Count I
## Declaratory Relief

14. Northwestern Mutual incorporates by reference the responses to paragraphs 1-13 contained herein.

15. Denied.

## Count II
## Breach of Fiduciary Duty

16. Northwestern Mutual incorporates by reference the responses to paragraphs 1-15 contained herein.

17. Denied.

18. Denied.

## Count III
## Indemnification

19. Northwestern Mutual incorporates by reference the responses to paragraphs 1-18 contained herein.

20. Denied.

## Count IV
## Attorneys Fees

21. Northwestern Mutual incorporates by reference the responses to paragraphs 1-20 contained herein.

22. Denied.

23. Denied.

24. Denied.

### First Affirmative Defense

The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

The losses, if any, sustained by the Deborah Mooney were the result of conduct of persons or over whom Northwestern Mutual had no control or responsibility, and for whose conduct Northwestern Mutual is not liable.

### Third Affirmative Defense

Any injuries or damages suffered by Deborah Mooney were the result of her own conduct.

### Fourth Affirmative Defense

Deborah Mooney's Counterclaims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

Deborah Mooney's Counterclaims are barred by the doctrine of estoppel.

.

### Sixth Affirmative Defense

.

Deborah Mooney's Counterclaims are barred by the doctrine of laches.

### Seventh Affirmative Defense

Deborah Mooney's Counterclaims are barred by the doctrine of waiver.

### Eighth Affirmative Defense

.

Northwestern Mutual states that it does not owe Deborah Mooney a fiduciary duty and therefore did not breach any such duty.

### Ninth Affirmative Defense

.

Northwestern Mutual states that there is no basis for Deborah Mooney's claim for indemnification.

### Tenth Affirmative Defense

Northwestern Mutual states that there is no basis for Deborah Mooney's claim for attorneys' fees and costs.

BOS\139465.1

**Eleventh Affirmative Defense**

.

At all times relevant, Northwestern Mutual acted in good faith.

**Twelfth Affirmative Defense**

Northwestern Mutual states that it is a disinterested stakeholder in this matter and that therefore there is no basis for liability against it by Deborah Mooney or any other party in this action.

**WHEREFORE**, The Northwestern Mutual Life Insurance Company respectfully prays that the Court:

1. Dismiss Deborah Mooney's Counterclaims in their entirety;

2. Award Northwestern Mutual its attorneys' fees and costs; and

3. Award Northwestern Mutual such other and further relief as may be just.


Dated: November 2, 2005

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,
By its attorneys,

　　　/s/ Patricia R. Rich　　　
Patricia R. Rich (BBO # 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Tel: 617-289-9200
Fax: 617-289-9201


**CERTIFICATE OF SERVICE**

I, Patricia R. Rich, do hereby certify that I have served a true copy of the within document upon those counsel who do not otherwise receive electronic notice, by first class mail, postage prepaid, on this November 2, 2005.

　　　/s/  Patricia R. Rich　　　
　　　Patricia R. Rich