UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE NORTHWESTERN MUTUAL<br>LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DANIEL MOONEY &<br>DEBORAH A. MOONEY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 05-11301-JLT<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STATUS REPORT

Now come the parties who respectfully submit to this Honorable Court this Status Report, as ordered by the Court on February 5, 2007.

STATEMENT OF JOHN DANIEL MOONEY:

Mr. Mooney has deposed the co-defendant Deborah A. Mooney; no further discovery is anticipated at this time, other than a potential expert witness deposition.

Mr. Mooney is currently awaiting the written report from a handwriting expert and, upon receipt of that report, intends to file a motion for summary judgment.

The parties have engaged in settlement discussions, currently to no avail. The prospects for settlement of this action are slim.

STATEMENT OF DEBORAH A. MOONEY:

This is the last of a trio of cases arising from the divorce of the defendants in 1999. An attempt by John Mooney ("John") to set aside the parties' Separation Agreement on the basis of undue influence and duress was dismissed by this Court (Tauro, J.) on October 18, 2005, which was upheld by the First Circuit on December 22, 2006, on John's appeal. John's attempt to modify the Separation Agreement in the Plymouth County Probate and Family Court was decided against him by Summary Judgment dated December 14, 2006 and only the issue of an award of attorney's fees to Deborah remains in that case.

This case stems from John's insistence that a change of ownership on a life insurance policy maintained by Deborah on his life is a forgery, although purportedly signed by him on

October 28, 1998.  Deborah's position is that the witnessed document was part of the parties' divorce arrangements:  she long paid the premiums, her ownership of the policy was declared on her Financial Statement in the 1999 divorce, which awarded all personal property so listed to each party (John did not list the policy) and it serves as security for the alimony payments to her.  John's declaration six years after the fact that his signature was forged is simply another attempted collateral attack on the divorce judgment.

Northwestern previously honored John's declaration of forgery and transferred ownership to John in what Deborah maintains was (by way of counterclaim) a violation of her rights as owner.  Dismissal would leave John with ownership and the right to cancel the policy.  While litigation about the ownership of a policy with a cash value of  only $18K is unfortunate, the policy (with a net death benefit of just over $200K) is Deborah's only security for her alimony payments from John, who is likely now uninsurable given his repeated (albeit rejected) claims about his mental status in court pleadings.  In short, Deborah needs the policy and has therefore long paid the premiums.

Deborah had previously suggested that a handwriting expert be jointly retained and agreed to abide by that finding.  John refused and has retained his own expert.  Deborah will also retain an expert.  While it is unlikely that this factual dispute can be resolved by summary judgment as Mr. Mooney suggests, summary judgment on the issue of collateral estoppel may be appropriate.

Settlement discussions have as yet met with no success.  A short extension of discovery to allow the experts to complete their work and a deposition of Mr. Mooney is therefore required.  A bench trial would then be most expeditious on the issues of ownership of the policy, Deborah's claims against Northwestern and what will likely be her request for attorney's fees and expenses.

STATEMENT OF INTERPLEADER PLAINTIFF THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY:

Northwestern Mutual received conflicting claims from each of the defendants regarding the rightful owner of a life insurance policy.  Having received these conflicting claims from each of the defendants, Northwestern Mutual, as the disinterested stakeholder, took the proper step of filing this interpleader action to provide the defendants with a forum to resolve their dispute.  As Northwestern Mutual has continually informed both defendants,  it takes no position with respect to dispute over the rightful owner of the insurance policy, and that it will abide by any agreement reached between the defendants regarding the matter.

With respect to Ms. Mooney's claims against Northwestern Mutual, Northwestern Mutual believes that these claims should be deferred until after a decision is reached on the rightful owner of the policy because should it be decided that Mr. Mooney is the rightful owner of the policy, Ms. Mooney's claims would be moot.

Respectfully submitted,
JOHN DANIEL MOONEY, by his attorney,


/s/ Brian J. Hughes
_____
Brian J. Hughes, B.B.O.# 654204
Law Office of Brian J. Hughes, P.C.
Assinippi Commons, Suite 203
101 Longwater Circle
Norwell, Massachusetts 02061
(781) 753-6670



DEBORAH A. MOONEY, by her attorneys,

/s/ Elaine M. Epstein (BJH)

_____
Elaine M. Epstein, B.B.O. #155280
Maureen McBrien, B.B.O. #657494
Todd & Weld, LLP
28 State Street
Boston, MA 02109
(617) 720-2626



THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,

/s/  Patricia R. Rich (BJH)
_____
Patricia R. Rich B.B.O. # 640578
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Tel: 857-488-4290



Dated:  February 16, 2007