UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE NORTHWESTERN MUTUAL<br>LIFE INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>JOHN DANIEL MOONEY &<br>DEBORAH A. MOONEY,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.  05-11301-JLT<br>)<br>)<br>)<br>)<br>)<br>) |

## STATUS REPORT

Now comes defendant John Daniel Mooney, through his counsel, who respectfully submits to this Honorable Court this Status Report.

INITIAL STATEMENT OF COUNSEL:

The delay in filing this status report was caused by the undersigned counsel's Motion to Withdraw, which said counsel needed to be decided prior to this report being filed.  Prior to said decision, the undersigned desired not the prejudice his client by engaging in future planning and preparations greatly effecting this case in a way and manner which may be contrary to the client's independently considered wishes or those of successor counsel.  The Court's patience is appreciated.

POSITION OF JOHN DANIEL MOONEY:

It is the position of Mr. Mooney that there is no benefit to this matter being stayed or dismissed in its entirety in order to bring a subsidiary action in the Plymouth Probate Court.  Such an action will unnecessarily and substantially increase the costs incurred by the parties, as well as delay a resolution of this matter.  Mr. Mooney has the position that the co-defendant, Deborah A. Mooney ("Deborah"), is attempting to confound and confuse the issues in this matter in an attempt to secure what, in her likely opinion, is a preferred forum.  As was stated by Deborah at nauseam in the former companion case to this, forum shopping is inappropriate and should not be indulged.

Deborah has repeated a claim that Mr. Mooney is collaterally estopped from seeking ownership of the questioned insurance policy, as a result of the 1999 divorce.  Initially, it must be noted that said determination is one only a factfinder, after an evidentiary hearing, can make.

Further, Deborah would be hard pressed to prove Mr. Mooney collaterally estopped from taking a stance that is not contrary to any previously asserted position. He has never claimed that Deborah owned the policy or that it was transferred lawfully. Additionally, Deborah's claims that Mr. Mooney knew of the transfer shortly after the fact have no relevance to the legality of the transfer (the product of a forgery), unless a claim for laches is made, which has been waived. Finally, even if these issues are pressed in this matter, there is no basis to disqualify this Court from hearing them. A hearing before this Court would be no different than a hearing before the Probate Court (except the additional time needed to bring a newly assigned Probate Court judge up to speed) and this case should not proceed in any other forum. This Court is perfectly competent to decide the matters at hand.

In response to the plaintiff's statement of position, Mr. Mooney is concerned with potential collusion between the "neutral" plaintiff and Deborah. It is acknowledged that the plaintiff wishes to remove itself from this case in an effort to save costs, but such is always the cases in interpleader actions. The plaintiff seems willing to choose sides in an effort to gain a dismissal for its client, regardless as to the merits of either party's position.

Currently, Mr. Mooney has obtained an expert witness, whom he intends to call at trial (mandatory disclosures are forthcoming). Said expert witness firmly supports the position that Mr. Mooney's signature on the policy transfer documents was forged.[1] Mr. Mooney has no further discovery to conduct, as Deborah has been deposed and the plaintiff has produced relevant documents. Deborah has not engaged in any discovery. Mr. Mooney will be prepared for trial by the end of the summer, and only then because ample notice must be provided to his expert, as well as an already full trial schedule of the undersigned counsel.

In closing, Mr. Mooney requests that this case be placed on the Court's trial calendar for a bench trial on the merits for September, 2007.

        Respectfully submitted,
        JOHN DANIEL MOONEY, by his attorney,


        /s/ Brian J. Hughes
        _____
        Brian J. Hughes, B.B.O.# 654204
        Law Office of Brian J. Hughes, P.C.
        Assinippi Commons, Suite 203
        101 Longwater Circle
        Norwell, Massachusetts 02061
        (781) 753-6670

Dated: April 27, 2007

---

[1] The stark contrast between the expert's certain opinion as to the forgery and Deborah elaborate version of events suggests that this Court may be called to rule that Deborah repeatedly perjured herself in her sworn testimony.