## COMMONWEALTH OF MASSACHUSETTS

**PLYMOUTH, ss.**                                    **PROBATE & FAMILY COURT**
                                                     **DOCKET NO. 98D 1672-DV1**

| | |
|---|---|
| DEBORAH A. MOONEY, *Plaintiff* | ) ) ) ) |
| v. | ) ) |
| JOHN D. MOONEY, *Defendant* | ) ) ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

### INTRODUCTION

1.    Deborah A. Mooney ("Deborah"), plaintiff in the above-entitled action, brings

this Complaint seeking declaratory relief with regard to the ownership of a life

insurance policy that her ex-husband, John Daniel Mooney ("John) transferred

to her in 1998, that was deemed her asset when the parties' divorced in 1999,

and the transfer of which John now claims was the result of a forgery by

Deborah of an owner designation form.   Accordingly, and so that they can

avoid a trial in federal court over the issue, Deborah seeks a binding

declaration that she is the owner of the life insurance policy and its cash value.

### JURISDICTION AND VENUE

2.    Deborah brings this action pursuant to M.G. L. c. 231A, which authorizes

probate courts to make binding declarations of right, duty, status in any case

in which an actual controversy has arisen.  An actual controversy exists

because John claims that he is the rightful owner of the policy as the transfer

of the ownership of the policy to Deborah in 1998 was the result of a forgery,

while Deborah claims that she is the rightful owner of the policy that was validly transferred to her, and part of the property division in the parties' divorce, as confirmed in a Separation Agreement that is final and binding on the parties. This Court also has jurisdiction over this matter pursuant to G. L. c. 215, § 6, which confers equity jurisdiction on the probate courts.

3.    Venue is proper in Plymouth County, where the parties were divorced and where numerous post-divorce actions have been adjudicated.

## THE PARTIES

4.    Deborah A. Mooney is an individual who resides at 125 Heritage Circle, Farmington, Maine, 04938.

5.    John D. Mooney is an individual who resides at 308 Quarry Street, # 602, Quincy, MA 02169.

## STATEMENT OF FACTS

6.    John was issued life insurance policy number 9726985 from The Northwestern Mutual Life Insurance Company ("NWM") on October 23, 1985. He was the insured and the owner and Deborah was the beneficiary.

7.    On or around October 28, 1998, John signed an owner designation form transferring ownership of the life insurance policy from John to Deborah.

8.    On June 1, 1999, the Plymouth County Probate and Family Court (Menno, J.) issued a Judgment of Divorce Nisi that incorporated a Separation Agreement of the parties dated April 1, 1999, which Agreement also survived as an independent contract. See Exhibit A.

9.    The parties' Separation Agreement stated, *inter alia,* the following: "All personal property held in the sole name or in the sole possession of either party, including, without limitation, securities, bank accounts, retirement funds and tangible personal property, shall belong to [sic] party in whose name or possession said personal property is presently located. See <u>Exhibit A</u> at Art. II D.

10.   As of the date the parties were divorced (6/1/99), the life insurance policy was held in Deborah's sole name.

11.   Deborah listed the life insurance policy in question as her asset on her financial statement filed on the date of the divorce, worth $7,000 at that time. See <u>Exhibit B</u>, at page 2. John did not list the life insurance policy on his financial statement. See <u>Exhibit C</u>.

12.   Deborah also listed life insurance as a weekly expense on her financial statement while John did not. See <u>Exhibits B, C.</u> Deborah has been paying the premiums on the life insurance policy since April 25, 1997, and continues to pay the premiums to date.

13.   All issues relating to the ownership of and the cash value in the life insurance policy in question were adjudicated in the parties' divorce.

14.   The parties' Separation Agreement also provided that John pay Deborah $650 per week in alimony until such time as she remarries. See <u>Exhibit A</u>, at Art. 1 A. Other than this life insurance policy, the net death benefit of which is approximately $206,000, there is no security for John's $650 per week alimony obligation to Deborah.

15.  John did not appeal the divorce judgment, nor did he seek any other typical post-judgment remedies such as a motion to amend the judgment, or a motion for relief from judgment under Rule 60(b), the latter of which must be brought within one year of the judgment.

16.  In March 2005, however, nearly six years after the divorce, John filed a Verified Complaint and Jury Demand in the federal court, requesting rescission or cancellation of the Separation Agreement based on theories of duress, undue influence and incompetence.  In that Complaint, John alleged that the transfer of the life insurance policy in question was the result of forgery or fraud perpetrated by Deborah.  That Complaint was dismissed, in part because the Court considered the issues raised most appropriately adjudicated in the Probate Court, a decision that was upheld by the First Circuit Court of Appeals.  Mooney v. Mooney, 471 F. 3d 246 (1st Cir. 2006).

17.  On or about January of 2005, John informed NWM that he has not signed the owner designation form in 1998 and that it was not his intention to transfer ownership of the policy to Deborah.  John maintains that the transfer of the ownership of the policy to Deborah in 1998 was the result of a forgery.

18.  Because both John and Deborah claimed ownership of the policy, on June 21, 2005, NWM filed a Complaint for Interpleader in federal court requesting, *inter alia*, that the parties be ordered to settle between themselves their disputes with respect to ownership of the policy.  See Exhibit D.

19.  NWM is not a party to this action as it has repeatedly taken the position that it is a disinterested stakeholder in this matter, wishing to be discharged from the

federal court matter so that the dispute can be resolved by the parties, a resolution by which NWM agrees to be bound. See Exhibit D. NWM has asserted in the federal court matter that it takes no position with respect to the dispute over the rightful owner of the policy and that it agrees to hold the policy in question pending a decision reached by the parties or by a court of competent jurisdiction.

20. On July 2, 2007, at the direction of the federal court, Deborah filed a Motion to Stay Proceedings and a memorandum in support thereof in the NWM action in federal court, seeking to stay the proceedings to allow this Court to determine the rightful owner of the policy. See Exhibit E.

## COUNT ONE
### (For a Declaratory Judgment Pursuant to G. L. c. 231A)

21. Deborah realleges and incorporates herein by reference ¶s 1-20 above in their entirety.

22. Deborah contends that she is the owner of the life insurance policy in question because John transferred the policy to her in 1998, she reflected same as her asset in the divorce in 1999, and her exclusive ownership of same was reaffirmed by the parties' Separation Agreement, which declared that property in each person's name at the time remained his or her own. John contends that the transfer of the life insurance policy was the result of a forgery and that he is the rightful owner of the policy in question.

23. Thus, an actual case or controversy exists between the parties that Deborah seeks to have adjudicated here to avoid a lengthy and costly trial in federal court over a matter that has already been decided by this Court.

24. Deborah contends that under Massachusetts law, property division in divorce is final and binding on the parties, and that John is collaterally estopped from relitigating any issues related to the ownership of the life insurance policy or its cash value, all previously decided in the parties' divorce.

## PRAYERS FOR RELIEF

WHEREFORE, the plaintiff, Deborah A. Mooney, prays that this Honorable Court:

1) Issue a binding declaration that Deborah A. Mooney is the owner of the Northwestern Mutual Life Insurance policy number 9726985 and its cash value.

2) Award Deborah A. Mooney her costs, attorneys fees and expenses; and

3) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,
DEBORAH A. MOONEY,
By her Attorneys,

Elaine M. Epstein, B.B.O. #155280
Maureen McBrien, B.B.O. #657494
Todd & Weld, LLP
28 State Street
Boston, MA 02109
(617) 720-2626

Dated: July 16, 2007

6

# EXHIBIT A

## Commonwealth of Massachusetts
### The Trial Court
Probate and Family Court Department

Plymouth _____ Division

Docket No. __98D 1672-DV1__

### Judgment Of Divorce Nisi

_____ JOHN DANIEL MOONEY _____, Plaintiff

of __Weymouth__ in the County of __Norfolk__

_____ DEBORAH A. MOONEY V. _____, Defendant

of __Carver__ in the County of __Plymouth__

_ . . All persons interested having been notified in accordance with the law, and after hearing, it is adjudged nisi that a divorce from the bond of matrimony be granted the said plaintiff for the cause of _____

_____ ᴸIRRETRIEVABLE BREAKDOWN - 1B _____

as provided by Chapter 208, sections 1, 2 and that upon and after the expiration of ninety days from the entry of this judgment, it shall become and be absolute unless, upon the application of any person within such period, the Court shall otherwise order. It is further ordered that the Separation Agreement by and between the parties dated April 1, 1999 and filed herewith is hereby incorporated and shall survive as an independent contract. The Court finds said agreement is not the product of any fraud, duress, or coercion.

A True Copy,
Attest: _____
                              Register

Date __6/1/99__

_____
Justice of Probate and Family Court

CJ-D 403 (2/90)

## SEPARATION AGREEMENT

This AGREEMENT OF SEPARATION is entered into this      day of April, 1999, by John Daniel Mooney (the "Husband"), of 149 Bolivar Street, #6C, Canton, Norfolk County, Massachusetts, and Deborah A. Mooney (the "Wife"), of 25 West Street, Carver, Plymouth County, Massachusetts. All references in the within Agreement to "parties" shall mean the above-named Husband and Wife.

### STATEMENT OF FACTS

1.    The Husband and Wife were married in Pembroke, Plymouth County, Massachusetts on April 21, 1979, and last lived together in March, 1997 at Carver, Plymouth County, Massachusetts.

2.    The Husband and Wife have separated and are living apart.

3.    As a result of the mutual love, respect and admiration the Husband and Wife each have for the other,  the Husband and Wife have agreed to amicably resolve any questions relating to their separation within the context of this Agreement. This Agreement shall serve to confirm their separation and to settle between themselves all questions pertaining to their respective property and estate rights and the support and maintenance of the Husband and Wife.

NOW, THEREFORE, in consideration of the foregoing and of the mutual covenants and agreements hereinafter contained, the Husband and Wife mutually agree as follows:

1

ARTICLE I

A.    Alimony.

Taking into consideration all relevant facts and circumstances, including but not limited to the financial circumstances of the respective parties, the Husband agrees to pay the Wife $650 per week until such time as she remarries. *The husband and the wife both agree the first alimony payment shall be on May 21, 1999.*

B.    Medical Insurance.

The Husband agrees to maintain the current medical insurance with major medical coverage, or its equivalent until alimony ceases.


ARTICLE II

PERSONAL PROPERTY

A.    The Wife agrees that the piano, located in the marital home, is the personal property of the Husband. The Wife agrees to return the piano to the possession of the Husband.


B.    The Husband and Wife jointly own a 1998 Jeep Grand Cherokee Limited. The Husband agrees to transfer title of the automobile to the Wife.  It shall be the Wife's responsibility to prepare the necessary documents to effectuate such transfer.   The Husband agrees to execute any documents reasonably necessary to effectuate such transfer provided that any such documents do not require the Husband to guarantee the Wife's discharge of any obligations. The parties agree that the Wife shall be solely responsible for

2

~~any and all payments concerning the automobile including,~~ but not limited to, principal, taxes, interest, automobile insurance, repairs and maintenance.

C.     The foregoing notwithstanding, the parties acknowledge that they have heretofore divided between them all their personal property to their mutual satisfaction. Henceforth each of them shall own, have and enjoy, independently of any claim or right of the other, all items of personal property of every kind now or hereafter owned or held by him or her, with full power to dispose of the same as fully and effectually, in all respects and for all purposes, as if he or she were unmarried.

D.     All personal property held in the sole name or in the sole possession of either party, including, without limitation, securities, bank accounts, retirement funds and tangible personal property, shall belong to party in whose name or possession said personal property is presently located. Specifically, the Husband's IRA fund will remain as the personal property of the Husband.

## ARTICLE III

## TAXES

A.     Income Tax Returns.

1.     Each party represents and warrants to the other that he or she has duly paid all income taxes, state and federal, attributable to him or her on all joint returns heretofore filed by the parties; that to his or her knowledge no interest or penalties are due or owing with respect thereto, no tax deficiency proceeding is pending or threatened thereon, and no audit thereof is pending.

3

Agreement, that after such knowledge, each believes this Agreement to be fair, just and reasonable and that each is signing this Agreement freely and voluntarily.

G.    Strict Compliance.  The failure of the Husband or of the Wife to insist in any instance upon the strict performance of any of the terms hereof shall not be construed as a waiver of such term or terms for the future, and the same shall nevertheless continue in full force and effect.  In the event any part of this Agreement shall be held invalid, such invalidity shall not invalidate the whole Agreement, but the remaining portions of this Agreement shall continue to be valid and binding.

H.    Documents.  Whenever called upon to do so by the other party, each party shall forthwith execute, acknowledge and deliver to or for the other party without consideration any and all deeds, assignments, bills of sale or other instruments that may be necessary or convenient to carry out the provisions of this Agreement, or that may be required to enable the other party to sell, encumber, hypothecate, or otherwise dispose of the property now or hereafter owned or acquired by such other party.

I.    Waiver of Estate Claim.  Except as otherwise provided in this Agreement, each party hereby waives and releases any and all rights that he or she may now have or hereafter acquire as spouse under the present or future laws of any jurisdiction:

(a)    To elect to take against any will or codicil of the other party now or thereafter in force;

(b)    To share in the party's estate in case of intestacy; and

8

through mediation, and if unsuccessful, then be submitted to a court of competent jurisdiction for resolution.

D.    Waivers.    The parties acknowledge and confirm that they willingly accept the provisions of this Agreement and deem it to be a fair, adequate and reasonable resolution of all issues and disputes, commensurate with the parties' needs, the parties' incomes and financial worth, and their previous standard of living and with full consideration of the circumstances of each party and all factors required to be considered pursuant to Massachusetts General Laws Chapter 208, Section 34. The parties further acknowledge that such provisions are fully satisfactory to them and that no part of this Agreement is a product of fraud, duress or coercion and that each has freely had the opportunity to negotiate the terms of this Agreement to their respective satisfactions. Accordingly, they accept the same in lieu of, and in full and final settlement and satisfaction of, any and all claims and rights that either may have against the other for alimony, support or property division, except as otherwise provided in this Agreement.

E.    Entire Understanding.    The Husband and Wife have incorporated in this Agreement their entire understanding. No oral statement or prior written matter, extrinsic to this Agreement, shall have any force or effect. Neither the Husband nor the Wife is relying on any representations other than those expressly set forth herein.

F.    Voluntary Execution.    The parties represent to each other that each fully understands the facts and his or her legal rights and liabilities as set forth in this

7

A.     Debts.   The Husband warrants and represents that he has not contracted any indebtedness for which the Wife is or may be liable.   The Wife warrants and represents that she has not contracted any indebtedness for which the Husband is or may be liable. The Husband and Wife further warrant and represent that neither will contract from and after the date hereof any indebtedness for which the other is or may be liable, except such as has specifically been assumed by the provisions of this Agreement elsewhere contained. If either of the parties hereto shall be called upon to pay any obligation for which the other shall be liable, he or she shall promptly give notice to the other party, who shall have the opportunity in good faith and at his or her expense to defend any such claim; if either party shall nevertheless be called upon to pay any such claim, the party responsible therefor shall indemnify and hold the other harmless therefrom, including attorney's fees and related expenses.   The parties represent that neither of them has and will not hereafter use or utilize the other's name or business name for purposes of having credit extended to him or her.

B.     Counsel Fees.   The parties agree that the Husband shall be solely responsible to pay reasonable attorney's fees of the Wife.   In addition, the Wife shall be solely responsible for any and all payments concerning the $3000.00 equity line of credit borrowed to retain counsel.

C.     Resolution of Disputes.   In the event of any dispute or disagreement concerning the performance, interpretation, meaning or application of this Agreement, and the parties cannot reach mutual agreement, the matter in dispute shall first attempted to be resolved

6

B.      The Husband agrees to transfer title of the property to the Wife by deed once the Wife is able to obtain a mortgage in which the Husband is not listed as a co-mortgagee. It shall be the Wife's responsibility to prepare the necessary documents to effectuate such transfer. The Husband agrees to execute any documents necessary to effectuate such transfer. The Wife agrees to remortgage the property within one year of the date of this Agreement.

C.      The parties agree that the Wife shall be solely responsible for any and all payments concerning the marital home including, but not limited to, principal, taxes, interest, home owners insurance, repairs, and maintenance.

D.      If the Wife elects at any time to convey the home or an interest therein to someone other than the parties' children or to a future spouse as Tenants by the Entirety, then the Husband shall be entitled to a specific percentage of the then existing equity which percentage shall vary depending upon the date of conveyance, as more specifically specified in the annexed Attachment "A".

## ARTICLE V

## GENERAL PROVISIONS

The following provisions shall become effective upon execution of this Agreement, except to the extent they are expressly or by implication modified or rendered inapplicable by the foregoing articles of this Agreement:

5

(c)     To act as executor or administrator of the other party's estate. It is the intention of the parties that their respective estates shall be administered as though no marriage between them had ever existed.

J.     Court Costs and Counsel Fees in Event of Breach. If either the Husband or the Wife shall commit a breach of any of the provisions of this Agreement and recourse to an attorney and/or legal action shall be reasonably required to enforce such provisions and be instituted by the other, the party in breach shall be liable for all court costs and reasonable counsel fees incurred in instituting and prosecuting such action.

K.     Effect of Agreement. In any divorce proceedings, this Agreement shall be exhibited to the presiding Judge before whom the divorce proceedings shall be heard. The parties agree that with respect to issues involving their property, the support and maintenance of the Husband and the Wife, and all rights arising under Section 34 of Chapter 208 of the General Laws of Massachusetts, as amended, this Agreement shall be incorporated but not merged in the divorce judgment, and shall survive as an independent contract between the parties.

L.     Governing Law. This Agreement shall be construed and governed according to the laws of the Commonwealth of Massachusetts.

9

This Agreement is executed in three counterparts, each of which shall be deemed an original and all constituting together one and the same instrument, this being one of the counterparts.

WITNESS our hands and seals this            day of April, 1999.

_____
John Daniel Mooney
3/30/99

Deborah A. Mooney
Deborah A. Mooney        3-30-99

10

## COMMONWEALTH OF MASSACHUSETTS

*Plymouth* ss.

On this 30<u>th</u> day of ~~April~~ March, 1999, then personally appeared the above-named John Daniel Mooney and acknowledged that the foregoing statements are true to the best of his knowledge and belief, before me.

Carole C. Roy
Notary Public
My commission expires:
3 - 0 2 - 2 0 0 1

## COMMONWEALTH OF MASSACHUSETTS

Plymouth  ss.

On this 30<u>th</u> day of ~~April~~ March, 1999, then personally appeared the above-named Deborah A. Mooney and acknowledged that the foregoing statements are true to the best of her knowledge and belief, before me.

Mary J McCadden
Notary Public  Mary J. McCadden
My commission expires:  10-21-2005

ATTACHMENT "A"

Schedule of Husband's Equity in Marital Home

A. Years 1-5

If the Wife elects to convey the marital home or an interest therein to someone other than the parties' children or to a future spouse as Tenants by the Entirety, during the first five years following the execution of this Agreement; the Husband shall be entitled to receive from the Wife, based upon the date of conveyance, the following percentage of equity:

| Year | Percentage |
|------|-----------|
| 1 | 25.0 % |
| 2 | 22.5 % |
| 3 | 20.0 % |
| 4 | 15.0 % |
| 5 | 10.0 % |

Should the Wife remarry during the first five years following the execution of this Agreement, the Husband shall not be entitled to any equity in the marital home should the Wife elect to convey the marital home or an interest therein during that time.

B. Years 6-10

If the Wife elects to convey the marital home or an interest therein to someone other than the parties' children or to a future spouse as Tenants by the Entirety, during the sixth through the tenth years following the execution of this Agreement, the Husband shall be entitled to receive from the Wife, based upon the date of conveyance, the following percentage of equity:

| Year | Percentage |
|------|-----------|
| 6 | 7.5 % |
| 7 | 7.5 % |
| 8 | 7.0 % |
| 9 | 6.5 % |
| 10 | 6.0 % |

Should the Wife remarry during the sixth through the tenth years following the execution of this Agreement, the Husband shall be entitled to 5.0 % of any equity in the marital home should the Wife elect to convey the marital home or an interest therein during that time.

12



## C. Years 11-15

If the Wife elects to convey the marital home or an interest therein to someone other than the parties' children or to a future spouse as Tenants by the Entirety, during the eleventh through the fifteenth years following the execution of this Agreement, the Husband shall be entitled to receive from the Wife, based upon the date of conveyance, the following percentage of equity:

| Year | Percentage |
|------|------------|
| 11   | 5.0 %      |
| 12   | 5.0 %      |
| 13   | 4.0 %      |
| 14   | 4.0 %      |
| 15   | 4.0 %      |

Should the Wife remarry during the eleventh through the fifteenth years following the execution of this Agreement, the Husband shall be entitled to 3.0 % of any equity in the marital home should the Wife elect to convey the marital home or an interest therein during that time.

## D. In Futuro 16+

Following the fifteenth year of the execution hereof, should the Wife retain sole interest in the marital home, the Husband shall not be entitled to any equity in the marital home should the Wife elect to convey the marital home or an interest therein.

For purposes of this Agreement, equity shall be defined as the fair market value of the marital home set off by the existing amount due under mortgage.

13

# EXHIBIT B

Commonwealth of Massachusetts
The Trial Court
Probate and Family Court Department
Financial Statement
(SHORT FORM)

Plymouth _____ Division    Docket No. 98D1672-DV1

John D. Mooney _____ v. _____ Deborah A. Mooney
Plaintiff/Petitioner _____ Defendant/Petitioner

**INSTRUCTIONS:** If your income equals or exceeds $75,000.00 you must complete the LONG FORM financial statement, unless otherwise ordered by the Court. All questions on both sides of this form must be answered in full or the word "none" inserted. If additional space is needed for any answer, an attached sheet may be filed in addition to, but not in lieu of, the answer. Information contained herein is confidential and only available to the parties and persons authorized under Probate and Family Court Department Supplemental Rule 401.

1. Your Name Deborah A. Mooney _____ Soc. Sec. No. 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
   Address _____ 25 West Street _____ Carver _____ MA _____ 02330
   _____ (street and no.) _____ (city or town) _____ (state) _____ (zip)
   Age 40 Tel. No. ( 508 ) 866 - 9878 No. of Children living with you 0 _____
   Occupation Production Manager _____ Employer _____ Not Presently Employed _____
   Employer's Address _____ N/A _____
   _____ (street and no.) _____ (city or town) _____ (state) _____ (zip)
   Employer's Tel. No. ( ) _____ Health Ins. Coverage [X] YES [ ] NO
   Health Insurance Provider Harvard Pilgrim _____ Cert. No. _____

2. Gross **Weekly** Income from All Sources (strike inapplicable words)

|  |  |  |
|---|---|---|
| a). Base pay from salary, wages | $ | None |
| b). Self Employment Income **(attach a completed Schedule A)** | $ | None |
| c). Income from overtime-commissions-tips-bonuses-part-time job | $ | None |
| d). Dividends - interest | $ | Unknown |
| e). Income from trusts or annuities | $ | None |
| f) Pensions and retirement funds | $ | None |
| g). Social Security | $ | None |
| h). ~~Disability~~ unemployment insurance ~~or workers compensation~~ | $ | 211.00 |
| i). Public Assistance (welfare, A.F.D.C. payments) | $ | None |
| l). Rental from Income Producing Property **(attach a completed Schedule B)** | $ | None |
| k) All other sources (including ~~child support~~ alimony) | $ | 650.00 |
| l). Total Gross **Weekly** Income (a through k) | $ | 861.00 |

3. Itemize Deductions from Gross Income

|  |  |  |
|---|---|---|
| a). Federal income tax deductions (claiming _____ exemptions) | $ | None |
| b). State income tax deductions (claiming _____ exemptions) | $ | None |
| c). F. I.C.A./Medicare | $ | None |
| d). Medical Insurance | $ | None |
| e). Union Dues | $ | None |
| f). Total Deductions (a through e) | $ | 0.00 |

4. **Adjusted Net Weekly Income**
   2 (l) minus 3 (f) _____ $ _____ 861.00

5. **Other Deductions from Salary**

|  |  |  |
|---|---|---|
| a). Credit Union (Loan Repayment or Savings) | $ | None |
| b). Savings | $ | None |
| c). Retirement | $ | None |
| d). Other - Specify (such as Deferred Compensation or 401 K) | $ | None |
| e). Total Deductions (a through d) | $ | 0.00 |

6. **Net Weekly Income**
   4 minus 5(e) $ _____ 861.00

7. **Gross Yearly Income from Prior Year** _____ $ _____ 21,500.00
   (attach copy of all W-2, and 1099 forms for prior year)

c.g.f.

**8. Weekly Expenses** (Do Not Duplicate Weekly Expenses - Sums in applicable Words)

| | | | | | |
|---|---|---|---|---|---|
| a) Rent - Mortgage (PIT) | $ | 236.00 | l)Life Insurance | $ | 21.83 |
| b) Homeowner's/Tenant Insurance | $ | 14.42 | m) Medical Insurance | $ | None |
| c) Maintenance and Repair | $ | 25.00 | n) Uninsured Medicals | $ | 72.00 |
| d) Heat (Type Oil ) | $ | 18.47 | o) Incidentals and Toiletries | $ | 24.20 |
| e) Electricity and/or Gas | $ | 52.15 | p) Motor Vehicle Expenses | $ | 43.24 |
| f) Telephone | $ | 27.26 | q) Motor Vehicle Loan Payment | $ | 130.27 |
| g) Water/Sewer | $ | None | r) Child Care | $ | None |
| h) Food | $ | 75.00 | s) Other (attach additional schedule if necessary) | $ | None |
| i) House Supplies | $ | 5.42 | Gifts/membership | $ | 36.00 |
| j) Laundry and Cleaning | $ | 3.03 | Loan Payment | $ | 65.38 |
| k) Clothing | $ | 12.50 | From Continuation Sheet | $ | |
| | | | Total Weekly Expenses (a through s) | $ | 862.17 |

**9. Counsel Fees**

| | | |
|---|---|---|
| a) Retainer amount(s) paid to your attorney(s) | $ | 1,500.00 |
| b) Legal fees incurred, to date, against retainer(s) | $ | |
| c) Anticipated range of total legal expense to prosecute this action | $ 1,500.00 to $ | 2,000.00 |

**10. Assets** (Attach additional schedule for additional real estate and other assets if necessary)

a) Real Estate _____
  Location   25 West Street, Carver, MA
  Title   Joint with Spouse
  Fair Market Value $ 147,500.00  - Mortgage(s) $ 40,000.00   = Equity  × 100%  =   $  107,500.00

b) IRA Keogh, Pension, Profit Sharing, Other Retirement Plans
  List Financial Institution or Plan Name(s) and Account Number(s)

| | | |
|---|---|---|
| IRA - Mutual Federal Savings Bank | $ | 5,000.00 |
| | $ | None |
| | $ | None |

c) Tax Deferred Annuity Plan(s) _____   $   None
d) Life Insurance Present Cash Value  Northwestern Mutual   $   7,000.00
e) Savings & Checking Accounts, Money Market Accounts, CDs - which are held individually, jointly, in the name of another person for your benefit, or held by you for the benefit of your minor child(ren)
  List Financial Institution Name and Account Number(s)

| | | |
|---|---|---|
| Mutual Federal Savings Checking Account | $ | 600.00 |
| Mutual Federal Savings Savings Account | $ | 50.00 |
| | $ | None |

f) Motor Vehicles   1998 Jeep
  Fair Market Value $22,600.00   - Motor Vehicle Loan $ 17,500.00   = Equity   $   5,100.00
  Fair Market Value $_____   - Motor Vehicle Loan $ (from Equity Loan) = Equity   $   None

g) Other (such as -stocks, bonds, collections)

| | | |
|---|---|---|
| Household Contents | $ | Unknown |
| | $ | None |
| From Asset Continuation Sheet | $ | |
| h) Total Assets (a through g) | $ | 125,250.00 |

**11. Liabilities** (DO NOT list weekly expenses but DO list all liabilities)

| | Creditor | Nature of debt | Date of Origin | Amount Due | Weekly Payment |
|---|---|---|---|---|---|
| a) | Providian | Credit Card | | $750.00 | |
| b) | Citibank | Credit Card | | $2,000.00 | |
| c) | | | | None | None |
| d) | | | | None | None |

From Liability Continuation Sheet   $ _____
e) Total Amount Due and Total Weekly Payment   $ 2,750.00      $ 0.00 ·

**12. Number of Years you have paid to Social Security** _____ years

I certify under the penalties of perjury that my income and expenses, assets, and liabilities as stated herein are true to the best of my knowledge and belief. I have carefully read this financial statement and I certify the information is true and complete
Date  June 1, 1999          Signature _____

## STATEMENT BY ATTORNEY

I, the undersigned attorney am admitted to practice law in the Commonwealth of Massachusetts—and admitted pro hac vice for the purposes of this case—and am an officer of the court. As the attorney for the party on whose behalf this Financial Statement is submitted, I hereby state to the court that I have no knowledge that any of the information contained herein is false.

Attorney Signature _____          Date  6-1-99
Address  One Park Place     Plymouth     MA   02360   Telephone No ( 508 ) 747 - 0700
BB O #  210100

# EXHIBIT C

**Commonwealth of Massachusetts**

Division   Probate and Family Court Department   Docket No. 9Y D1672 DVI

## Financial Statement
### (SHORT FORM)

Mooney _____ v. _____ Mooney

Plaintiff/Petitioner   Defendant/Petitioner

**INSTRUCTIONS:** If your income equals or exceeds $75,000.00 you must complete the LONG FORM financial statement, unless otherwise ordered by the Court. All questions on both sides of this form must be answered in full or the word "none" inserted. If additional space is needed for any answer, an attached sheet may be filed in addition to, but not in lieu of, the answer. Information contained herein is confidential and only available to the parties and persons authorized under Probate and Family Court Department Supplemental Rule 401.

1. Your Name   J. Daniel Mooney     Soc. Sec. No.  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
   Address  149 Bolivar Street  Unit c-6  Canton   MA   02021
   (street and no)   (city or town)   (state)   (zip)

   Age 43  Tel. No (781) 830-8270    No. of Children living with you   0
   Occupation Office Manager  Employer Colonial Land Surveying Co. Inc.
   Employer's Address  269 Hanover St.   Hanover   MA   02339
   (street and no)   (city or town)   (state)   (zip)

   Employer's Tel. No. (781) 826-7186    Health Ins. Coverage [✓] YES  [ ] NO
   Health Insurance Provider  Pilgrim Harvard    Cert. No. HP018 1295-00

2. **Gross Weekly Income from All Sources (strike inapplicable words)**
   a). Base pay from salary, wages _____ $ 2200.00
   b). Self Employment Income **(attach a completed Schedule A)** _____ $ none
   c). Income from overtime-commissions-tips-bonuses-part-time job _____ $ none
   d). Dividends - interest _____ $ none
   e). Income from trusts or annuities _____ $ none
   f). Pensions and retirement funds _____ $ none
   g). Social Security _____ $ none
   h). Disability, unemployment insurance or worker's compensation _____ $ none
   i). Public Assistance (welfare, A.F.D.C. payments) _____ $ none
   j). Rental from Income Producing Property **(attach a completed Schedule B)** _____ $ none
   k). All other sources (including child support, alimony) _____ $ none

   l). **Total Gross Weekly Income** (a through k) $ 2200.00

3. **Itemize Deductions from Gross Income**
   a). Federal income tax deductions (claiming _____ exemptions) _____ $ 433.26
   b). State income tax deductions (claiming _____ exemptions) _____ $ 120.43
   c). F.I.C.A./Medicare _____ $ 168.30
   d). Medical Insurance _____ $ none
   e). Union Dues _____ $ none

   f). **Total Deductions** (a through e) $ 721.99

4. **Adjusted Net Weekly Income**
   2 (l) minus 3 (f) _____ $ 1478.01

5. **Other Deductions from Salary**
   a). Credit Union (Loan Repayment or Savings) _____ $ _____
   b). Savings _____ $ _____
   c). Retirement _____ $ _____
   d). Other - Specify (such as Deferred Compensation or 401K) 401K $ 176.00

   e). **Total Deductions** (a through d) $ 176.00

6. **Net Weekly Income**   4 minus 5 (e) $ 1302.01

7. **Gross Yearly Income from Prior Year** _____ $ 114256.00
   (attach copy of all W-2 and 1099 forms for prior year)

CJ-D 301S (11/97)

Rent–Mortgage (P&I) ___ 0

Homeowner's/Tenant Insurance $ 5.00  m) Medical Insurance $ 0

c) Maintenance and Repair $ 13.00  n) Uninsured Medicals *dental* $ 75.00

d) Heat (Type _gas_ ) $ ___  o) Incidentals and Toiletries $ 10.00

e) Electricity and/or Gas $ 25.00  p) Motor Vehicle Expenses $ 20.00

f) Telephone $ 30.00  q) Motor Vehicle Loan Payment $ ~~42.00~~ 58.00

g) Water/Sewer $ 18.00  r) Child Care ( Brdd) $ 50.00

h) Food $ 75.00  s) Other (attach additional schedule, if necessary) $ ___

i) House Supplies $ 90.00  _Condo fee_ $ 22.00

j) Laundry and Cleaning $ 20.00  ___ $ ___

k) Clothing $ 25.00

**Total Weekly Expenses (a through s)** $ 584.00

9. **Counsel Fees**

   a) Retainer amount(s) paid to your attorney(s) $ 3,000.00

   b) Legal fees incurred, to date, against retainer(s) $ ___

   c) Anticipated range of total legal expense to prosecute this action $ ___ to $ ___

10. **Assets** (Attach additional schedule for additional real estate and other assets, if necessary)

    a) Real Estate ___
       Location ___
       Title ___
       Fair Market Value $ ___ - Mortgage(s) $ ___ = Equity $ none

    b) IRA, Keough, Pension, Profit Sharing, Other Retirement Plans
       **List Financial Institution or Plan Names and Account Numbers**
       _401K  Fidelity_ $ 8,000.00
       ___ $ ___

    c) Tax Deferred Annuity Plan(s) ___ $ ___

    d) Life Insurance: Present Cash Value ___ $ ___

    e) Savings & Checking Accounts, Money Market Accounts, and CDs - which are held individually, jointly, in the name of another person for your benefit, or held by you for the benefit of your minor child(ren). **List Financial Institution Names and Account Numbers**
       _Checking account - U.S. trust 110115100_ $ 300.00 (about)
       _Savings account (same)_ $ 10.00
       ___ $ ___

    f) Motor Vehicles
       Fair Market Value $ ___ - Motor Vehicle Loan $ ___ = Equity $ none
       Fair Market Value $ ___ - Motor Vehicle Loan $ ___ = Equity $ ___

    g) Other (such as - stocks, bonds, collections)
       ___ $ none
       ___ $ ___
       **h) Total Assets (a through g)** $ 8310.00

11. **Liabilities** (DO NOT list weekly expenses but DO list all liabilities)

| | Creditor | Nature of Debt | Date of Origin | Amount Due | Weekly Payment |
|---|---|---|---|---|---|
| a) | MBNA | credit card | 1998 Consolidate | 10,000.— | 100.00 |
| b) | Citibank | credit card | (Debts) | 3500.— | 50.00 |
| c) | | | | | |
| d) | IRS | taxes | | 4000.— | ? |
| e) | **Total Amount Due and Total Weekly Payment** | | | $ 17,500.— | $ 150.00 ? |

12. **Number of Years you have paid to Social Security** 25 years

I certify under the penalties of perjury that my income and expenses, assets, and liabilities as stated herein are true to the best of my knowledge and belief. I have carefully read this financial statement and I certify the information is true and complete.

Date _May 26, 1999_   Signature _[signature]_

**STATEMENT BY ATTORNEY**

I, the undersigned attorney, am admitted to practice law in the Commonwealth of Massachusetts -- am admitted pro hoc vice for the purposes of this case -- and am an officer of the court. As the attorney for the party on whose behalf this Financial Statement is submitted, I hereby state to the court that I have no knowledge that any of the information contained herein is false.

Attorney's Signature _[signature]_   Date _6/1/99_
Address _32 Columbus Ave_   Tel. No. ( 6 ) 851-8366
B.B.O. # _556709_

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JOHN DANIEL MOONEY and DEBORAH A. MOONEY | ) ) ) |
| Defendants. | ) ) |

05cv11301 JLT

## COMPLAINT FOR INTERPLEADER

Plaintiff, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), by its attorneys, Duane Morris LLP, as and for its complaint herein, alleges as follows:

## PARTIES

1.    Northwestern Mutual is a s a mutual life insurance company organized and existing under the laws of the State of Wisconsin, with its principal business at 720 East Wisconsin Avenue, Milwaukee, Wisconsin, 53202.

2.    On information and belief, Defendant John Daniel Mooney is a citizen and resident of the Commonwealth of Massachusetts, residing at 308 Quarry Street, Apartment Number 602, Quincy, Massachusetts 02169.

3.    On information and belief, Defendant Deborah A. Mooney is a citizen and resident of Sate of Maine, residing at 113 Lake Avenue, Apartment Number 2, Farmington, Maine 04938.

## JURISDICTION

4.      This Court has original jurisdiction of this action pursuant to 28 U.S.C.

§1335(a)(1).

5.      Pursuant to 28 U.S.C. §1391(b)(2), venue in this district is proper because a

substantial part of the events or omissions giving rise to the claim occurred in this district and 28

U.S.C. §1391(b)(3), because one of the defendants resides in this district.

## FACTS

6.      On or about October 23, 1985, Northwestern Mutual issued to Defendant John

Daniel Mooney ("Mooney") a policy of life insurance, policy number 9726985 (the "Policy").

7.      At the time the Policy issued, Mooney was both the Policy's owner and the

insured.

8.      In or about November 1998, Northwestern Mutual received an owner designation

form dated October 28, 1998, and purportedly signed by Mooney (the "Owner Designation"),

indicating that the owner of the Policy was to be changed to Defendant Deborah A Mooney, who

at that time was the wife of the insured, Defendant John Daniel Mooney.  A copy of said Owner

Designation is attached hereto as Exhibit A.

9.      In or about January 2005, Mooney informed Northwestern Mutual that he had not

signed the Owner Designation and that it was not his intention to transfer ownership of the

Policy.

10.      By affidavit sworn to on or about March 2, 2005, Mooney reaffirmed his position

that he neither signed nor authorized the Owner Designation.  A copy of said affidavit is attached

hereto as Exhibit B.

11.      By letter dated March 8, 2005, Northwestern Mutual informed Defendant Deborah A. Mooney of Mooney's position that the Ownership Designation was not signed by him and requested a response from Defendant Deborah A. Mooney within thirty (30) days. A copy of the letter is attached hereto as Exhibit C.

12.      By letter dated April 13, 2005, Defendant Deborah A. Mooney informed Northwestern Mutual of her position that she was the rightful owner of the Policy and that Mooney had signed the Ownership Designation form and transferred ownership of the Policy to her. A copy of the letter is attached hereto as Exhibit D.

13.      Each of the defendants, John Daniel Mooney and Deborah A. Mooney, is claiming ownership of the Policy.

14.      By reason of these conflicting claims of the defendants, Northwestern Mutual is unable to determine the rightful owner of the Policy and unless the above conflicting claims are resolved in a single proceeding, Northwestern Mutual will be subject to multiple litigations and a substantial risk of suffering duplicate and inconsistent rulings and multiple liability.

**WHEREFORE,** Plaintiff The Northwestern Mutual Life Insurance Company demands that the Court adjuge:

1.    That each of the defendants be restrained from instituting any action against Plaintiff Northwestern Mutual regarding the Policy;

2.    That each of the defendants be required to interplead and settle between themselves their disputes with respect to ownership of the Policy;

3.    That Plaintiff be discharged from all liability in the Policy except to the person whom the court shall adjudge the rightful owner of the Policy;

4.    That Plaintiff recover its costs, including attorneys' fees; and

5.    That Plaintiff be awarded such other and further relief as the Court deems just and proper.

Dated: June 21, 2005

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,
By its attorneys,

Patricia R. Rich (BBO # 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Tel: 617-289-9200
Fax: 617-289-9201



**OWNER-DESIGNATION** *(Do Not Use For Disability Income Policies)*
CAUTION: USE BLACK INK TO COMPLETE THE FORM

**Northwestern Mutual Life**
720 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

AGENT NO.
**44181**

Before Completing This Form Read Information Form 15-1253,
Instructions and Sample Wordings for Form 90-1638.

| APPLICATION NO. OR POLICY NO. | INSURED |
|---|---|
| 9 - 726 - 985 | J. Daniel Mooney |

**PLEASE COMPLETE THIS INFORMATION REGARDING THE NEW OWNER DESIGNATED BELOW.**

| TAXPAYER ID NO. (SOCIAL SECURITY NO./EMPLOYER ID NO.) | DATE OF BIRTH | | |
|---|---|---|---|
| 032 - 50 - 8299 | 6·16·158 | ☐ Male  ☒ Female | ☐ Mr.  ☒ Mrs.  ☐ Ms.  ☐ Dr.  ☐ Other |

NOTE: The new Owner's address should be provided on the Address Information Sheet 15-1265 which is enclosed. Directions for mailing of future premium notices should also be provided on that form.

The transferor requests and directs the Company to make the provisions on Form 90-1638 a part of the policy.

The Owner(s) of the Policy will be:

*Deborah A. Mooney, wife of the insured*

| Date | 10/28/98 | Signature of Transferor ✗ | *[signature]* |
|---|---|---|---|

**FOR HOME OFFICE USE**

Form Recorded and Endorsement Waived

The Northwestern Mutual Life Insurance Company

Date _____  NOV 10 1998  *[signature]*

90-1638 (0696)
Page 1 of 2



## Affidavit-Forged Form Endorsement

STATE OF MASSACHUSETTS )

COUNTY OF                    )ss

The undersigned, J. Daniel Mooney, being duly sworn, deposes and says that he resides in the City of _Quincy_____, County of ___Norfolk____, State of Massachusetts and that he is the person named as transferor in the Ownership Endorsement dated October 28, 1998 and purporting to transfer ownership of policy 9726985 issued by the Northwestern Mutual Insurance Company; that the signature of said endorsement reading "J. Daniel Mooney" was not placed thereon by him, not under any authority given by him to any one else; and that it was not his intention that the ownership of said policy be transferred to any other person.

                                                     J. Daniel Mooney
                                  308 Quarry St. #602
                                  Address

                                  Quincy, MA  02169
                                  City      State       Zip

                                  617-773-1729
                                  Phone (home)

                                  781-826-7186
                                  Phone (work)

Subscribed and sworn to before me
This _21_ day of _March_, 2005
Notary Public
My Commission Expires: _5/7/2010_



C

p.3

 **Northwestern Mutual**

KIM PLATEK
Senior Beneficiary & Title Analyst
Beneficiary & Title
Policyowner Services Department

March 8, 2005

Deborah A Mooney
PO Box 953
Farmington ME  04938

RE:    J Daniel  Mooney    Policy 9726985

Dear Ms. Mooney:

I recently received a signed and notarized affidavit of forgery in regards to this policy.  The affidavit states that the ownership form dated October 28, 1998 was not signed by the then owner.  A copy of the form is enclosed for your review.

The purpose of my letter is to inform you that if no word is received from you within 30 days of this letter, I will assume that you concur with the alleged allegation and I will restore ownership of this policy to the original owner.

If I can be of further assistance please call toll free at 1-877-394-9524.  To reach me personally, please input 6655227 when prompted.  Thank you.

Sincerely,

*Kim Platek*

Kim Platek

Enclosure

cc:  David C  Mc Avoy, CLU • 617-742-6200
     1 Beacon St Ste 19 • Boston MA  02108

cc:  Daniel Mooney

3 of 4

D

To: Kim Platek

April 13, 2005

From: Deborah A. Mooney

Phone: 207-778-0188

l of 4

Apr 13 05 11:45a                                                    p.2

# URGENT

In regard to policy # 9726985

April 13, 2005

Dear Kim,

I opened the attached letter today. I am the rightful owner, my ex-husband did sign off and sign the policy over to me. He has fraudulently tried to obtain ownership. I'm rather concerned over this, frantic actually.

Please Help!

Deb Mooney

2. of 4

Apr 13 05 11:45a                                                                    P.3

 Northwestern Mutual®

KIM PLATEK
Senior Beneficiary & Title Analyst
Beneficiary & Title
Policyowner Services Department

March 8, 2005

Deborah A. Mooney
PO Box 953
Farmington ME  04938

RE:    J Daniel Mooney    Policy 9726985

Dear Ms. Mooney:

I recently received a signed and notarized affidavit of forgery in regards to this policy. The affidavit states that the ownership form dated October 28, 1998 was not signed by the then owner. A copy of the form is enclosed for your review.

The purpose of my letter is to inform you that if no word is received from you within 30 days of this letter, I will assume that you concur with the alleged allegation and I will restore ownership of this policy to the original owner.

If I can be of further assistance please call toll free at 1-877-394-9524. To reach me personally, please input 6655227 when prompted. Thank you.

Sincerely,

*Kim Platek*

Kim Platek

Enclosure

cc:  David C Mc Avoy, CLU • 617-742-6200
     1 Beacon St Ste 19 • Boston MA  02108

cc:  Daniel Mooney

3 of 4

# EXHIBIT E

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| **v.** ) ) ) | **CIVIL ACTION NO.  05-11301-JLT** |
| **JOHN DANIEL MOONEY & DEBORAH A. MOONEY,** ) ) ) | |
| **Defendants.** ) ) | |

### DEBORAH A. MOONEY'S MOTION TO STAY PROCEEDINGS

In accordance with this Court's Order of June 14, 2007, the Defendant, Deborah A.

Mooney, respectfully requests that this Honorable Court stay any further proceedings in the

federal court in this matter, pending determination of the disputed ownership of the Northwestern

Mutual life insurance policy in question in the Probate and Family Court by means of a Petition

for Declaratory Judgment.  In support of this motion, the Defendant relies on the memorandum

of reasons submitted herewith and incorporated herein by reference.

Respectfully submitted,
DEBORAH A. MOONEY,
By her Attorneys,


_____/s/ Elaine M. Epstein_____
Elaine M. Epstein, B.B.O. #155280
Maureen McBrien, B.B.O. #657494
Todd & Weld, LLP
28 State Street
Boston, MA 02109
Dated:  July 2, 2007          (617) 720-2626

1 of 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,

      Plaintiff,

v.

JOHN DANIEL MOONEY &
DEBORAH A. MOONEY,

      Defendants.

CIVIL ACTION NO.  05-11301-JLT

## MEMORANDUM OF REASONS IN SUPPORT OF DEBORAH A. MOONEY'S MOTION TO STAY PROCEEDINGS

The Defendant, Deborah A. Mooney ("Deborah"), hereby submits this memorandum of reasons in support of her Motion to Stay Proceedings.  In support of her motion, Deborah states as follows:

1.    The Defendants were divorced in 1999 by the Plymouth County Probate and Family Court, which reviewed their financial statements and an agreement between them, the latter of which was incorporated (and survived) a judgment of that court.  Later proceedings between the Defendants relating to their divorce, including contempts and a modification, have also been heard and decided by that court.

2.    The Defendant, Deborah Mooney ("Deborah"), maintains that all issues relating to the ownership of and any cash value in the life insurance policy in question were resolved by prior Probate and Family Court proceedings and that the Defendant John Daniel Mooney ("John") cannot now raise the issue of ownership years later.  John

Daniel Mooney maintains that the transfer of the ownership of the policy to Deborah in 1998 was the result of a forgery.

3.    Whether or not the issue of the ownership of this policy can properly be raised at this point and if so, the merits of that claim, are issues best resolved by the Probate and Family Court which has heard all matters between the Defendants resulting from their divorce to date. Indeed, another claim brought by John in the Federal Court was previously dismissed, and that dismissal was upheld by the First Circuit Court of Appeals. Mooney v. Mooney, 471 F. 3d 246 (1st Cir. 2006).

4.    The Plaintiff Northwestern Mutual has agreed to continue to hold the policy in question awaiting determination by the Probate and Family Court as to the appropriate owner and beneficiary. Northwestern Mutual has agreed to abide by the decision of the Probate and Family Court, without the necessity of it being made a party to those proceedings.

5.    Deborah will supplement the federal court record with her Petition for Declaratory Judgment, which will be filed before July 16, 2007, the date by which John is required to file an opposition to this motion.

WHEREFORE, the Defendant, Deborah A. Mooney, respectfully requests that this Honorable Court stay the federal court proceedings.

<div style="margin-left:40%">

Respectfully submitted,
DEBORAH A. MOONEY,
By her Attorneys,


_____/s/ Elaine M. Epstein_____
Elaine M. Epstein, B.B.O. #155280
Maureen McBrien, B.B.O. #657494
Todd & Weld, LLP
28 State Street
Boston, MA 02109
(617) 720-2626

</div>

Dated:  July 2, 2007

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the foregoing

**Defendant's Motion to Stay Proceedings, and Memorandum of Reasons in**

**Support of Deborah A. Mooney's Motion to Stay Proceedings** on the plaintiff,

via electronic case management system, to its attorney of record:  Patricia R. Rich,

Esquire, Duane Morris LLP, 470 Atlantic Avenue, Suite 500, Boston, Massachusetts

02210, and on the co-defendant, via electronic case management system, to his

attorney of record, Brian J. Hughes, Esquire, Brennan, Recupero, Cascione, Scungio

& McAllister, LLP, 1 Church Green, P.O. Box 488, Taunton, MA 02780.


Date:  July 2, 2007

_____/s/ Maureen McBrien_____
Maureen McBrien

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **Complaint for Declaratory Judgment**, on the defendant, via first class mail, postage prepaid, to his attorney of record, Brian J. Hughes, Esquire, Brennan, Recupero, Cascione, Scungio & McAllister, LLP, 1 Church Green, P.O. Box 488, Taunton, MA 02780.

Date:  July 16, 2007

_____
Maureen McBrien