UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE NORTHWESTERN MUTUAL )<br>LIFE INSURANCE COMPANY )<br>   )<br>   Plaintiff, )<br>   )<br>v.   )<br>   )<br>JOHN DANIEL MOONEY and )<br>DEBORAH A. MOONEY )<br>   )<br>   Defendants. )<br>   ) | No.: 05-11301-JLT |

**INTERPLEADER PLAINTIFF THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY'S MOTION (1) FOR SUMMARY JUDGMENT DISMISSING DEFENDANT DEBORAH A. MOONEY'S COUNTERCLAIMS; (2) DISCHARGING THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY FROM THE INTERPLEADER ACTION;
AND (3) FOR COSTS AND ATTORNEYS' FEES.**

Pursuant to Fed. R. Civ. P. 56 and L.R. 56.1, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), moves for summary judgment on the counterclaims brought by Defendant Deborah A. Mooney ("Deborah Mooney"). This case arises out of the conflicting claims Northwestern Mutual received from each of the Defendants, John Daniel Mooney ("John Mooney") and Deborah Mooney, asserting that they each are the rightful owner of Northwestern Mutual life insurance policy no. 9726985 issued by Northwestern Mutual to John Mooney on or about October 23, 1985 (the "Policy"). Having received these conflicting claims from each of the defendants, Northwestern Mutual, as the disinterested stakeholder, took the proper step of filing this interpleader action to provide the defendants with a forum to resolve their dispute.

In response to the Interpleader Complaint, Deborah Mooney asserted a number of claims in which she essentially asserts that Northwestern Mutual should have resolved the disputed

issue between the two claimants (Deborah Mooney and John Mooney) and performed a function that is more appropriately left for this Court.  However, as set forth in Northwestern Mutual's memorandum in support of its motion to dismiss, statement of undisputed facts and Affidavit of Kim Platek, all filed herewith, the proper action for Northwestern Mutual was to do as it has and interplead the matter to this Court and let the Court decide the dispute. Because there are no genuine issue of material fact in dispute and  Deborah Mooney's claims against Northwestern Mutual fail as a matter of law, summary judgment should be granted in favor of Northwestern Mutual on each of her counterclaims.

Second, it is unnecessary for Northwestern Mutual to participate in the trial of this action, as the only claims that should proceed to trial are the claims between John Mooney and Deborah Mooney.  As with all such interpleader actions, these claims can be resolved without Northwestern Mutual remaining a party to this action except to the extent the Court needs to retain jurisdiction over Northwestern Mutual to order its compliance with the Court's determination regarding ownership of the Policy.

Lastly, as a disinterested stakeholder and interpleader plaintiff, Northwestern Mutual should be awarded its attorneys' fees and costs incurred in connection with this action.

WHEREFORE, based on the reasons set forth herein and in Northwestern Mutual's memorandum in support of this motion, the statement of undisputed facts and the affidavit of Kim Platek, this Court should enter an order dismissing all counterclaims of Deborah Mooney against Northwestern Mutual; (2) discharging Northwestern Mutual from this action; and (3) awarding Northwestern Mutual its costs and attorneys' fees.

Dated: August 21, 2007

Respectfully Submitted,

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,
By its attorney,

/s/ Patricia R. Rich
Patricia R. Rich (BBO # 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Tel: 857-488-4200
Fax: 857-488-4201

## LOCAL RULE 7.1 CERTIFICATION

The undersigned counsel for The Northwestern Mutual Life Insurance Company certifies that she attempted to confer with counsel for both Defendant John Daniel Mooney and Deborah A. Mooney in a good faith attempt to resolve or narrow the issues raised by the foregoing motion. However, such attempt was unsuccessful.

/s/ Patricia R. Rich
Patricia R. Rich

## CERTIFICATE OF SERVICE

I, Patricia R. Rich, do hereby certify that I have served a true copy of the within document upon those counsel who do not otherwise receive electronic notice, by first class mail, postage prepaid, on this August 21, 2007.

/s/ Patricia R. Rich
Patricia R. Rich