UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>JOHN DANIEL MOONEY and DEBORAH A. MOONEY<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) No.: 05-11301-JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**INTERPLEADER PLAINTIFF THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION (1) FOR SUMMARY JUDGMENT DISMISSING DEFENDANT DEBORAH A. MOONEY'S COUNTERCLAIMS; (2) DISCHARGING THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY FROM THE INTERPLEADER ACTION; <u>AND (3) FOR COSTS AND ATTORNEYS' FEES.</u>**

This interpleader action filed by Plaintiff, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), arises out of the conflicting claims it received from each of the Defendants, John Daniel Mooney ("John Mooney") and Deborah A. Mooney ("Deborah Mooney"), asserting that they each are the rightful owner of Northwestern Mutual life insurance policy no. 9726985 issued by Northwestern Mutual to John Mooney on or about October 23, 1985 (the "Policy"). Having received these conflicting claims from each of the defendants, Northwestern Mutual, as the disinterested stakeholder, took the proper step of filing this interpleader action to provide the defendants with a forum to resolve their dispute. Once such a determination is reached either through litigation or settlement between the defendants, Northwestern Mutual will be bound by the determination regarding ownership of the Policy.

In response to the Interpleader Complaint, John Mooney filed an answer again asserting that he was the rightful owner of the Policy and asserted cross-claims against Deborah Mooney for a declaratory judgment of his rightful ownership of the Policy, attorneys' fees, and indemnification. Deborah Mooney also asserted cross-claims against John Mooney for a declaratory judgment that she was the rightful owner of the Policy, attorneys' fees and indemnification. In addition, Deborah Mooney asserted counterclaims against Northwestern Mutual for declaratory judgment regarding ownership of the Policy, breach of fiduciary duty, indemnification, and attorneys' fees. Essentially, through her counterclaims, Deborah Mooney has asserted that Northwestern Mutual should have resolved an issue of disputed fact between the two claimants (Deborah Mooney and John Mooney) and performed the function of this Court. However, as common law dictates, the proper action for Northwestern Mutual is to do as it has and interplead the matter to this Court and let the Court decide the dispute with no liability to Northwestern Mutual. No claim lies against an insurance company such as Northwestern Mutual which, rather than side with one claimant or another, interpleads the matter to court for resolution. Here, because there are no material issues of fact in dispute and Deborah Mooney's claims against Northwestern Mutual fail as a matter of law, summary judgment should be granted in favor of Northwestern Mutual.

Furthermore, it is unnecessary for Northwestern Mutual to participate in the trial of this action, as the only claims that should proceed to trial are the claims between John Mooney and Deborah Mooney. As with all such interpleader actions, these claims can be resolved without Northwestern Mutual remaining a party to this action except to the extent the Court needs to retain jurisdiction over Northwestern Mutual to order its compliance with the Court's determination regarding ownership of the Policy.

Lastly, as a disinterested stakeholder and interpleader plaintiff, Northwestern Mutual should be awarded its attorneys' fees and costs incurred in connection with this action.

**FACTS**

On or about October 23, 1985, Northwestern Mutual issued the Policy. See Statement of Undisputed Facts ("Statement") at ¶1. At the time the Policy issued, John Mooney was both the Policy's owner and the insured. See Statement at ¶2. In or about November 1998, Northwestern Mutual received an owner designation form dated October 28, 1998, and purportedly signed by John Mooney (the "Owner Designation"), indicating that the owner of the Policy was to be changed to Deborah Mooney, who at that time was the wife of John Mooney, the insured. See Statement at ¶3.

In or about January 2005, John Mooney informed Northwestern Mutual that he had not signed the Owner Designation and that it was not his intention to transfer ownership of the Policy. See Statement at ¶4. By affidavit sworn to on or about March 2, 2005, John Mooney reaffirmed his position that he neither signed nor authorized the Owner Designation. See Statement at ¶5.

By letter dated March 8, 2005, Northwestern Mutual informed Deborah Mooney of John Mooney's position that the Ownership Designation was not signed by him and requested a response from Deborah Mooney within thirty (30) days. See Statement at ¶6. By letter dated April 13, 2005, Deborah Mooney informed Northwestern Mutual of her position that she was the rightful owner of the Policy and that John Mooney had signed the Ownership Designation form and transferred ownership of the Policy to her. See Statement at ¶7. Upon receiving Deborah Mooney's response and faced with conflicting claims regarding the Policy, Northwestern Mutual

instituted the within interpleader action in order to provide John Mooney and Deborah Mooney with a forum to resolve their dispute.  See Statement at ¶8.

## ARGUMENT

### I. Summary Judgment Standard

The purpose of summary judgment is to allow for the speedy and inexpensive resolution of actions where the material facts are certain and need only to have the governing legal principles applied to them.  Smith Barney, Harris Upham & Company, Inc. v. Connolly, 887 F. Supp. 337, 341 (D. Mass. 1994).  Accordingly, "[t]o succeed [on a motion for summary judgment], the moving party must show that there is an absence of evidence to support the nonmoving party's position."  Rogers v. Fair, 902 F.2d 140, 143 (1st Cir. 1990).  Once the moving party has done so, the burden then "shifts to the nonmoving party to establish the existence of an issue of fact that could affect the outcome of the litigation and from which a reasonable jury could find for the [nonmoving party.]"  Id.  As such, "[p]romises that evidence [will] be forthcoming [are] not enough [to avoid entry of summary judgment]."  Hahn v. Sargent, 523 F.2d 461, 467 (1st Cir. 1975).  Rather, an opposing party must establish by reference to competent and admissible evidence that a genuine issue of material fact exists.  See Fed. R. Civ. P. 56(e).  Here there are no genuine issues of material fact and each of Deborah Mooney's claims fails as a matter of law.  Accordingly, summary judgment should be granted in favor of Northwestern Mutual.

    **A.   An Insurer Does Not Owe a Fiduciary Duty to its Policyowners and, Therefore Deborah Mooney's Claim Fails as a Matter of Law.**

It is well established in Massachusetts that "the relationship between an insurer and a policy holder does not entail a fiduciary duty."  Fay v. Aetna Life Ins. and Annuity Co., 307 F. Supp. 2d 284, 291, n. 19 (D. Mass. 2004), citing Szymanski v. Boston Mut. Life Ins. Co., 56

4

Mass. App. Ct. 367, 381-382 (2002), citing Rapp v. Lester L. Burdick, Inc., 336 Mass. 438, 442 (1957). The only exception to this rule has been found when there are "special circumstances of assertion, representation and reliance." Szymanski, 56 Mass. App. Ct. at 381, citing Baldwin Crane & Equip. Corp. v. Riley & Rielly Ins. Agency, Inc., 44 Mass. App. Ct. 29, 32 (1997). Here, no such "special circumstances," exist because Deborah Mooney's only basis for asserting that a fiduciary duty exits is that "as the administrator of its policies, NWM owes a fiduciary duty to its policy owners, including Deborah." See Deborah Mooney Counterclaim at ¶ 17. As Massachusetts courts have clearly held, the insurer/policyowner relationship is nothing more than a contractual relationship that does not give rise to a fiduciary duty. See Szymanski, 56 Mass. App. Ct. at 381. Having failed to establish a material element or demonstrate a genuine issue of material fact, the claim fails as a matter of law and summary judgment should be granted to Northwestern Mutual.[1]

Moreover, even if a fiduciary duty existed, Northwestern Mutual has not breached it. Deborah Mooney's claim rests upon her allegation that Northwestern Mutual did not act with "due diligence" (Deborah Mooney Counterclaim ¶18) in contacting her regarding John Mooney's allegation. First, Deborah Mooney does not provide a basis for asserting such a "due diligence" requirement exists because there is no basis. Moreover, as the undisputed evidence

---

[1] Moreover, Deborah Mooney has not alleged -- because she cannot allege-- that she suffered any harm as a result of Northwestern Mutual's actions as opposed to those of John Mooney. To the contrary, Deborah Mooney was not penalized in any way for failing to timely respond to Northwestern Mutual's letter of notice. Rather, upon receipt of the letter, Northwestern Mutual filed the instant action so that this Court could properly resolve the interpleader action to determine the policy's rightful owner. The policy remains in place awaiting a decision of this Court or an agreement between John Mooney and Deborah Mooney regarding the rightful owner of the policy. With no ability to establish any damages suffered as a result of Northwestern Mutual's actions, Deborah Mooney's claim fails as a matter of law. See Hanover Ins. Co. v.
(Continued…)

establishes, Northwestern Mutual did exercise due diligence by promptly and in good faith trying to resolve the matter. Upon being informed via John Mooney's sworn statement that he had not signed or authorized the Owner Designation and that he was still the owner of the policy, Northwestern Mutual informed Deborah Mooney of the claim and requested her response. After receiving Deborah Mooney's response disputing John Mooney's claim and asserting that she was the rightful owner of the Policy, Northwestern Mutual properly filed this interpleader action, providing both parties with a forum to resolve the dispute. See, e.g., Oto v. Metropolitan Life Insur. Co., 224 F.3d 601 (7th Cir. 2000) ( in response to lawsuit claiming benefits that were denied due to an owner designation form that plaintiff claimed was forged, Metropolitan Life paid proceeds into court and left the two claimants to "fight over the money," which included the evidence of a handwriting expert hired by one of the parties); see also Smith Barney, 887 F. Supp. at 339; Wright, Miller & Kane, Federal Practice and Procedure §1719 (West 1986). This course of action is exactly what a disinterested stakeholder should do to protect the interests of all affected parties.

In addition, Deborah Mooney's assertion that Northwestern Mutual should have hired a handwriting analyst and decided the matter itself is without merit. Effectively, she contends that Northwestern Mutual should have made a unilateral decision regarding the ownership of the Policy, which is being disputed by the two claimants. Such a decision, however, is more appropriately made by the Court and not Northwestern Mutual, because a unilateral decision by Northwestern Mutual would have placed it at risk of a lawsuit by the unsuccessful claimant,

---

(Continued…)

Sutton, 46 Mass. App. Ct. 153, 164 (1999) (The elements for a cause of breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) breach; (3) damage; and (4) causation).

DM1\1173681.2

which is precisely what the interpleader procedure was designed to prevent. Again, as courts have instructed, the proper action is for a disinterested stakeholder faced with conflicting claims to file an interpleader action, bringing the claimants to the same forum where they can litigate the matter. See id. Accordingly, Deborah Mooney's assertion lacks legal merit and her claim fails for this reason as well.

      **B.**    **Deborah Mooney Fails to Assert a Basis for her Claim for Indemnification from Northwestern Mutual Therefore Judgment Should be Awarded to Northwestern Mutual as a Matter of Law.**

Similarly, Deborah Mooney's claim for indemnification fails as a matter of law. To properly plead a claim for indemnification, a party is required to assert one of the three basis for indemnification: (1) express agreement; (2) implied contractual right; or (3) tort based indemnification. See Araujo v. Woods Hole, Martha's Vineyard, Nantucket S.S. Authority, 693 F.2d 1, 2 (1st Cir. 1982). However, Deborah Mooney asserts no basis or the facts to support any of the three bases above, because none of the three exist here.

Deborah Mooney cannot assert there is a contractual basis for her indemnification claim, because there is no express indemnification provision provided for in the Policy. This is not a liability insurance policy where the insurer has an "'obligation to indemnify the insured against judgments obtained against it within the policy coverage' and no duty to defend if the underlying complaint does not demonstrate the 'possibility that the liability claim falls within the insurance coverage.'" Frohberg v. Merrimack Mutual Fire Insur. Co., 34 Mass. App. Ct. 462, 464 (Mass. 1993). The Policy at issue here is a life insurance policy with no indemnification provisions. The claim for indemnification asserted by Deborah Mooney is outside the scope of the contract and thus no indemnification right exists.

Similarly, the situation at hand does not support that a contractual basis should be implied. "[A] contractual right to indemnification will only be implied when there are unique special factors demonstrating that the parties intended that the would-be indemnitor bear the ultimate responsibility for the plaintiff's safety or when there is a generally recognized special relationship between the parties." Araujo, 693 F.2d. at 3 (citations omitted). Again, Deborah Mooney does not assert that such a special relationship exists – because it does not. Therefore, her claim also fails for an implied duty of indemnification.

Lastly, the tort-based theory of indemnification was neither pled, nor does it provide a basis for Deborah Mooney's claim. This basis of indemnification is equitable in the nature, intended to protect those who do no wrongdoing from liability for another's wrongdoing. Such application is wholly inappropriate here. This case arose out of the actions of John Mooney and Deborah Mooney, not because of any wrongdoing on the part of Northwestern Mutual. If Deborah Mooney is required by the Court to pay Daniel Mooney money, which is the basis for her claim of indemnification, (See Deborah Mooney Counterclaim at ¶20), it would be because the Court found in favor of John Mooney and against Deborah Mooney. Indemnification would not lie against Northwestern Mutual in such a case. See Araujo, 693 F.2d at 3 (where "the party seeking indemnification was itself guilty of acts or omissions proximately causing the plaintiff's injury, tort indemnification is inappropriate"). Therefore, her claim also fails on this basis and summary judgment should be granted to Northwestern Mutual.

**C.    Deborah Mooney Asserts no Basis for her Claim for Attorneys' Fees, and Therefore Judgment Should be Awarded to Northwestern Mutual as a Matter of Law.**

Under the so-called "American Rule," absent an authorizing statute or contractual commitment, litigants generally bear their own costs. See Alyeska Pipeline Serv. Co. v.

DM1\1173681.2

Wilderness Soc'y, 421 U.S. 240, 257, 44 L. Ed. 2d 141, 95 S. Ct. 1612 (1974).  Deborah Mooney does not assert either basis for her claim for attorneys' fees because neither basis exists.  There is no provision in the Policy providing for an award of attorneys' fees nor is there a statute that provides for such an award.

Moreover, notwithstanding Deborah Mooney's assertion that she has to defend herself in this litigation because of Northwestern Mutual's actions, the fact remains that she is involved in this interpleader action due to her actions and/or to the actions of John Mooney - - not the actions of Northwestern Mutual.  Moreover, Northwestern Mutual has acted properly in trying to have the competing claims of ownership of the Policy resolved by instituting this interpleader action to protect the rights of both claimants.  Such action by Northwestern Mutual, as discussed more fully above, dictates against a discretionary award of attorneys' fees.  See, e.g., Gelfgren v. Republic Nat'l Life Ins. Co., 680 F.2d 79, 81 (9th Cir. 1982) (costs should not be assessed against stakeholder if stakeholder has not been dilatory or otherwise guilty of bad faith).

## II.    Northwestern Mutual Should be Discharged from this Interpleader Action.

The dispute that needs to be resolved, as set forth in the Interpleader Complaint and each Defendant's answer thereto, is which of the two defendants is the rightful owner of the Policy.  Specifically, John Mooney attested under oath that he had not signed the change of ownership form bearing his alleged signature, which had been submitted to Northwestern Mutual on or about October 28, 1998, and therefore that he is still the proper owner of the Policy.  Conversely, Deborah Mooney asserts that the change of ownership form did contain John Mooney's signature and was proper, and therefore she is the owner of the Policy.  Accordingly, it is clear that a dispute exists between John Mooney and Deborah Mooney.  Northwestern Mutual takes no position with respect to this dispute and is not a necessary party to it being resolved.

Therefore, in order to avoid further cost in having to prepare for and participate in a trial in this matter, Northwestern Mutual respectfully requests that the Court discharge it from this action except to the extent the Court needs to retain jurisdiction over Northwestern Mutual to order its compliance with the Court's determination regarding the rightful owner of the Policy or such determination as may be reached through a settlement between the defendants.

**III.   As the Disinterested Stakeholder in this Interpleader Action, Northwestern Mutual Should be Awarded its Attorneys' Fees and Costs.**

As this Court has held, "[a] federal court has discretion to award reasonable costs and attorneys' fees to a stakeholder in an interpleader action." Smith Barney, 887 F. Supp. at 346, citing Wright, Miller & Kane, Federal Practice and Procedure §1719 (West 1986); see also Foxborough Sav. Bank v. Petrosian, 84 F. Supp. 2d 172, 174 (D. Mass. 1999) (general practice in First Circuit is to award attorneys' fees and expenses to compensate totally disinterested stakeholder who has been subjected to competing claims through no fault of its own), citing Ferber Co. v. Ondrick, 310 F.2d 462, 467 (1st Cir. 1962).  Here, as in Smith Barney, Northwestern Mutual "is a disinterested stakeholder who, in an effort to avoid multiple litigations and resolve these competing claims, voluntarily and in good faith" filed this action to provide the defendants with a forum to resolve their dispute.  In this position, Northwestern Mutual should be awarded all of its costs and attorneys' fees it incurred in connection with this action because it is only as a result of the dispute between the defendants that Northwestern Mutual had to incur any of these costs and fees.[2]

---

[2]  If the Court should find that Northwestern Mutual is not entitled to its costs and attorneys' fees incurred in connection with Deborah Mooney's counterclaims, it should still award Northwestern
(Continued…)

**CONCLUSION**

Based on the foregoing, The Northwestern Mutual Life Insurance Company's Motion for Summary Judgment dismissing all Counterclaims of Deborah Mooney against Northwestern Mutual should be granted[3]; (2) Northwestern Mutual should be discharged from this action; and (3) the Court should award Northwestern Mutual its costs and attorneys' fees.[4]

Dated: August 21, 2007

Respectfully submitted,

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,
By its attorney,

     /s/ Patricia R. Rich
Patricia R. Rich (BBO # 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Tel: 857-488-4200
Fax: 857-488-4201

---

(Continued…)

Mutual the costs and attorneys' fees incurred in connection with the filing and prosecution of the interpleader action.

[3] Deborah Mooney's claim for declaratory judgment against Northwestern Mutual is redundant in that it seeks exactly the same relief she seeks in her claim for declaratory judgment against John Mooney (and as John Mooney's claim for declaratory judgment against Deborah Mooney seeks) – the determination of who is the rightful owner of the Policy. Therefore, if the Court dismisses the counterclaim against Northwestern Mutual, Deborah Mooney will still have the opportunity to fully litigate the issue and to receive the relief she seeks. Moreover, Northwestern Mutual agrees that it will be bound by the determination the Court makes or a settlement entered into by the defendants, and therefore, Deborah Mooney's rights are fully protected.

[4] If the Court grants Northwestern Mutual's Motion for Costs and Attorneys' Fees, Northwestern Mutual will submit an application and affidavit to the Court detailing the costs and attorneys' fees incurred.

## LOCAL RULE 7.1 CERTIFICATION

      The undersigned counsel for The Northwestern Mutual Life Insurance Company certifies that she attempted to confer with counsel for both Defendant John Daniel Mooney and Deborah A. Mooney in a good faith attempt to resolve or narrow the issues raised by the foregoing motion. However, such attempt was unsuccessful.

                                      /s/ Patricia R. Rich

                                      Patricia R. Rich

## CERTIFICATE OF SERVICE

      I, Patricia R. Rich, do hereby certify that I have served a true copy of the within document upon those counsel who do not otherwise receive electronic notice, by first class mail, postage prepaid, on this August 21, 2007.

                                      /s/ Patricia R. Rich

                                      Patricia R. Rich

DM1\1173681.2