UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DANIEL MOONEY and DEBORAH A. MOONEY<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF KIM PLATEK

I, Kim Platek, file this affidavit in support of The Northwestern Mutual Life Insurance Company's Motion for Summary Judgment Dismissing Defendant Deborah A. Mooney's Counterclaims; (2) Discharging The Northwestern Mutual Life Insurance Company From the Interpleader Action; and (3) For Costs and Attorneys' Fees. In support thereof I do hereby depose and state as follows:

1.   I am a Senior Benefit & Title Analyst for The Northwestern Mutual Life Insurance Company.

2.   On or about October 23, 1985, Northwestern Mutual issued to Defendant John Daniel Mooney ("John Mooney") a policy of life insurance, policy number 9726985 (the "Policy").

3.   At the time the Policy issued, John Mooney was both the Policy's owner and the insured.

2

4.	In or about November 1998, Northwestern Mutual received an owner designation form dated October 28, 1998, and purportedly signed by John Mooney (the "Owner Designation"), indicating that the owner of the Policy was to be changed to Defendant Deborah A. Mooney, who at that time was the wife of the insured, Defendant John Daniel Mooney. A true and accurate copy of said Owner Designation is attached hereto as Exhibit A.

5.	In or about January 2005, John Mooney informed me that he had not signed the Owner Designation and that it was not his intention to transfer ownership of the Policy.

6.	On or about March 2, 2005, Mr. Mooney provided me with an affidavit sworn to on or about March 2, 2005, that reaffirmed his position that he neither signed nor authorized the Owner Designation. A true and accurate copy of said affidavit is attached hereto as Exhibit B.

7.	On or about March 8, 2005, I sent a letter to Deborah Mooney informing her of John Mooney's position that the Ownership Designation was not signed by him and requested a response from Deborah A. Mooney within thirty (30) days. A true and accurate copy of the letter is attached hereto as Exhibit C.

8.	On or about April 13, 2005, I received a letter from Deborah Mooney indicating that she was the rightful owner of the Policy and that John Mooney had signed the Ownership Designation form and transferred ownership of the Policy to her. A true and accurate copy of the letter is attached hereto as Exhibit D.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 21ST DAY OF AUGUST 2007.

	/s/ Kim Platek
	Kim Platek

DM1\1175019.1

## CERTIFICATE OF SERVICE

   I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, on the above date.

                  /s/  Patricia R. Rich

                  Patricia R. Rich

DM1\1175019.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>JOHN DANIEL MOONEY and DEBORAH A. MOONEY<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 05-CV-11301-JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# EXHIBIT A

**OWNER DESIGNATION** *(Do Not Use For Disability Income Policies)*
**CAUTION: USE BLACK INK TO COMPLETE THE FORM**

**Northwestern Mutual Life**
720 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

AGENT NO. 44181

Before Completing This Form Read Information Form 15-1253, Instructions and Sample Wordings for Form 90-1638.

| APPLICATION NO. OR POLICY NO. | INSURED |
|---|---|
| 9-726-985 | J. Daniel Mooney |

**PLEASE COMPLETE THIS INFORMATION REGARDING THE NEW OWNER DESIGNATED BELOW.**

| TAXPAYER ID NO. (SOCIAL SECURITY NO./EMPLOYER ID NO.) | DATE OF BIRTH | ☐ Male ☒ Female | ☐ Mr. ☒ Mrs. ☐ Ms. ☐ Dr. ☐ Other |
|---|---|---|---|
| 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 | 6/6/58 | | |

**NOTE:** The new Owner's address should be provided on the Address Information Sheet 15-1265 which is enclosed. Directions for mailing of future premium notices should also be provided on that form.

The transferor requests and directs the Company to make the provisions on Form 90-1638 a part of the policy.

The Owner(s) of the Policy will be:

Deborah A. Mooney, wife of the insured.

Date  10/28/98              Signature of Transferor  *[signature: J. Daniel Mooney]*

---

**FOR HOME OFFICE USE**

Form Recorded and Endorsement Waived        The Northwestern Mutual Life Insurance Company

Date  NOV 10 1998   *[signature: Mary Gessuit]*

90-1638 (0696)

NW00083

## ADDITIONAL PROVISIONS

### 1. THE OWNER
All policy rights may be exercised by the Owner, his successor or his transferee:
- without the consent of any beneficiary or further payee.
- while the Insured is living, and, after his death, only as provided in Provisions 4 and 5.

### 2. SUCCESSOR OWNERSHIP
If successor Owners are named, each Owner, during his period of ownership, may exercise all policy rights, including the right to change the succession of Owners. If two or more persons are concurrent Owners, the policy rights must be exercised jointly by the Owners, unless this form provides otherwise.

### 3. TRANSFER OF OWNERSHIP
The Owner may transfer the ownership of this policy, subject to any Transferability Restrictions and to Provision 8. Written proof of transfer satisfactory to the Company must be received at its Home Office. The transfer will then take effect as of the date it was signed. The Company is not responsible for any payment or other action taken by it before receipt of the satisfactory transfer.

### 4. NAMING AND CHANGE OF BENEFICIARIES
**Definition of Beneficiaries.** The term "beneficiaries" as used in this form includes direct beneficiaries, contingent beneficiaries and further payees.

**Effective Date.** A naming or change of a beneficiary will be made on receipt at the Home Office of a written request that is acceptable to the Company. The request will then take effect as of the date it was signed. The Company is not responsible for any payment or other action taken by it before receipt of the request.

**For Death Proceeds by Owner.** The Owner may name and change the beneficiaries:
- while the Insured is living.
- during the first 60 days after the date of death of the Insured, if the Insured just before his death was not the Owner. No one may change this naming of a direct beneficiary during this 60 days.

**For Surrender Proceeds by Owner.** The Owner may name the beneficiaries at the time this policy is surrendered.

**For Maturity Proceeds by Owner.** The Owner may name and change the beneficiaries of maturity proceeds before the Maturity Date. If no direct beneficiary is named by the Owner, the Insured will be the direct beneficiary.

**For Death Proceeds by Direct Beneficiary.** A direct beneficiary may name and change the contingent beneficiaries and further payees of his share of the proceeds:
- if the direct beneficiary is the Owner;
- if, at any time after the death of the Insured, no contingent beneficiary or further payee of that share is living; or
- if, after the death of the Insured, the direct beneficiary elects a payment plan. The interest of any other beneficiary in the share of that direct beneficiary will end.

These direct beneficiary rights are subject to the Owner's rights during the above 60 days after the date of death of the Insured.

**For Maturity or Surrender Proceeds by Direct Beneficiary.** After the maturity, if any, or surrender of the policy, the direct beneficiary may name and change the contingent beneficiaries and further payees of his share of the proceeds under a payment plan.

**Beneficiary Rights.** The rights of any beneficiary are subject to the provisions of this form. A transfer of ownership of itself will not change the interest of a beneficiary of the death proceeds.

### 5. PAYMENT PLAN ELECTIONS
**For Death Proceeds By Owner.** The Owner may elect payment plans for death proceeds:
- while the Insured is living.
- during the first 60 days after the date of death of the Insured, if the Insured just before his death was not the Owner. No one may change this election made during this 60 days.

**For Death Proceeds by Direct or Contingent Beneficiary.** A direct or contingent beneficiary may elect payment plans for death proceeds payable to him if no payment plan that has been elected is in effect. This right is subject to the Owner's rights during the above 60 days.

**For Maturity or Surrender Proceeds.** The Owner may elect payment plans for maturity proceeds, if any, or surrender proceeds.

### 6. EFFECTIVE DATE FOR PAYMENT PLAN
A payment plan that is elected for death proceeds will take effect on the date of death of the Insured if:
- the plan is elected by the Owner; and
- the election is received at the Home Office while the Insured is living.

A payment plan that is elected for maturity proceeds, if any, will take effect on the Maturity Date if:
- the election is received before the Maturity Date; and
- the Insured is living on the Maturity Date.

In all other cases, a payment plan that is elected will take effect:
- on the date the election is received at the Home Office; or
- on a later date, if requested.

### 7. TRUSTEE AS OWNER
If the Owner is a Trustee, the Company will be fully discharged of liability for any action taken by the Owner in the exercise of any policy right and for all amounts paid to, or at the direction of, the Owner and will have no obligation as to the use of the amounts. In all dealings with the Owner, the Company will be fully protected against the claims of every other person. The Company will not be charged with notice of a change of trustee unless written evidence of the change is received at the Home Office.

### 8. QUALIFIED PENSION AND PROFIT SHARING PLANS, AS DEFINED BY THE INTERNAL REVENUE CODE
If the Owner is a qualified Pension or Profit Sharing Plan, the Owner may transfer the ownership of the policy to the Insured. If the policy is a life insurance policy and contains Transferability Restrictions, revocation of the Restrictions will result from the transfer.

### 9. POLICY ENDORSEMENT
The Company may require that the policy be sent to it for endorsement to show any change.

### 10. ANNUITY CONTRACT
In this form "Insured" means "Annuitant" when the form applies to an annuity contract.

NW00084

JETFORM 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY )<br><br>Plaintiff,<br><br>v.<br><br>JOHN DANIEL MOONEY and DEBORAH A. MOONEY<br><br>Defendants. | ) ) ) ) ) ) ) No. 05-CV-11301-JLT ) ) ) ) ) ) ) |

**EXHIBIT B**

## Affidavit-Forged Form Endorsement

STATE OF MASSACHUSETTS )

COUNTY OF                 )ss

The undersigned, J. Daniel Mooney, being duly sworn, deposes and says that he resides in the City of __Quincy__, County of __Norfolk__, State of Massachusetts and that he is the person named as transferor in the Ownership Endorsement dated October 28, 1998 and purporting to transfer ownership of policy 9726985 issued by the Northwestern Mutual Insurance Company; that the signature of said endorsement reading "J. Daniel Mooney" was not placed thereon by him, not under any authority given by him to any one else; and that it was not his intention that the ownership of said policy be transferred to any other person.

_J. Daniel Mooney_ (signature)
J. Daniel Mooney

__308 Quarry St. #602__
Address

__Quincy, MA   02169__
City    State    Zip

__617-773-7729__
Phone (home)

__781-826-7186__
Phone (work)

Subscribed and sworn to before me
This __21__ day of __March__, 2005
Notary Public
My Commission Expires: __5/7/2010__



NW00088

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE NORTHWESTERN MUTUAL<br>LIFE INSURANCE COMPANY<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DANIEL MOONEY and<br>DEBORAH A. MOONEY<br><br>    Defendants. | No. 05-CV-11301-JLT |

**EXHIBIT C**

DM1\1177950.1

**Northwestern Mutual**

KIM PLATEK
Senior Beneficiary & Title Analyst
Beneficiary & Title
Policyowner Services Department

March 8, 2005

Deborah A Mooney
PO Box 953
Farmington ME 04938

RE:   J Daniel Mooney   Policy 9726985

Dear Ms. Mooney:

I recently received a signed and notarized affidavit of forgery in regards to this policy. The affidavit states that the ownership form dated October 28, 1998 was not signed by the then owner. A copy of the form is enclosed for your review.

The purpose of my letter is to inform you that if no word is received from you within 30 days of this letter, I will assume that you concur with the alleged allegation and I will restore ownership of this policy to the original owner.

If I can be of further assistance please call toll free at 1-877-394-9524. To reach me personally, please input 6655227 when prompted. Thank you.

Sincerely,

*Kim Platek*

Kim Platek

Enclosure

cc:  David C Mc Avoy, CLU • 617-742-6200
     1 Beacon St Ste 19 • Boston MA  02108

cc:  Daniel Mooney

## Affidavit-Forged Form Endorsement

STATE OF MASSACHUSETTS )

COUNTY OF _____ )ss

The undersigned, J. Daniel Mooney, being duly sworn, deposes and says that he resides in the City of __Quincy__, County of __Norfolk__, State of Massachusetts and that he is the person named as transferor in the Ownership Endorsement dated October 28, 1998 and purporting to transfer ownership of policy 9726985 issued by the Northwestern Mutual Insurance Company; that the signature of said endorsement reading "J. Daniel Mooney" was not placed thereon by him, not under any authority given by him to any one else; and that it was not his intention that the ownership of said policy be transferred to any other person.

_____
J. Daniel Mooney

__308 Quirry St. #602__
Address

__Quincy, MA   02169__
City      State      Zip

__617-773-7729__
Phone (home)

__781-826-7186__
Phone (work)

_____
Subscribed and sworn to before me
This __21__ day of __March__, 2005
Notary Public
My Commission Expires: __5/7/2010__

NW00088

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE NORTHWESTERN MUTUAL<br>LIFE INSURANCE COMPANY<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DANIEL MOONEY and<br>DEBORAH A. MOONEY<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 05-CV-11301-JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**EXHIBIT D**

To: Kim Platek

April 13, 2005

From: Deborah A. Mooney

Phone: 207-778-0188

1 of 4

NW00137

# URGENT

In regard to policy # 9726985

April 13, 2005

Dear Kim,

I opened the attached letter today. I am the rightful owner, my ex-husband did sign off and sign the policy over to me. He has fraudulently tried to obtain ownership. I'm rather concerned over this, frantic actually.

Please Help!

Deb Mooney

2 of 4

 Northwestern Mutual®

KIM PLATEK
Senior Beneficiary & Title Analyst
Beneficiary & Title
Policyowner Services Department

March 8, 2005

Deborah A Mooney
PO Box 953
Farmington ME 04938

RE: J Daniel Mooney   Policy 9726985

Dear Ms. Mooney:

I recently received a signed and notarized affidavit of forgery in regards to this policy. The affidavit states that the ownership form dated October 28, 1998 was not signed by the then owner. A copy of the form is enclosed for your review.

The purpose of my letter is to inform you that if no word is received from you within 30 days of this letter, I will assume that you concur with the alleged allegation and I will restore ownership of this policy to the original owner.

If I can be of further assistance please call toll free at 1-877-394-9524. To reach me personally, please input 6655227 when prompted. Thank you.

Sincerely,

*Kim Platek*

Kim Platek

Enclosure

cc: David C Mc Avoy, CLU • 617-742-6200
    1 Beacon St Ste 19 • Boston MA 02108

cc: Daniel Mooney

3 of 4

The Northwestern Mutual Life Insurance Company • 720 East Wisconsin Avenue, Milwaukee, Wisconsin 53202 • 414 271-1444 • www.northwesternmutual.com

NW00139